## Wilfred A. Johnson, Appellee, v. Galesburg & Kewanee Electric Railway Company, Appellant.

### Gen. No. 6,036.    (Not to be reported in full.)

Appeal from the City Court of Kewanee; the Hon. H. Sterling Pomeroy, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed April 15, 1915.

### Statement of the Case.

Appeal by the defendant, the Galesburg & Kewanee Electric Railway Company, from a judgment in favor of the plaintiff, Wilfred A. Johnson, for injuries sustained by him when a carriage in which he was riding was struck by a street car.

The declaration alleged that one of the electric cars of the defendant ran into and struck the carriage in which the plaintiff was riding with great force and violence, thereby throwing him from the carriage onto the ground to the injury of his person. The alleged negligence of the defendant was running the car at a high rate of speed without a sufficient headlight, and in not ringing a bell or sounding a gong or giving any other warning of the approach of the car.

The evidence showed that the plaintiff and another man had driven to Kewanee in the latter's rig, and that during the afternoon and evening they visited a num-

ber of saloons where they drank beer and purchased a bottle of whisky; that about half past ten at night they started home, the plaintiff's companion driving, and that when he drove across the defendant's track the carriage was struck and the horse ran away, and as the vehicle struck a nearby telegraph pole, the plaintiff was thrown out and injured. The evidence was conflicting as to the rate of speed of the car; whether the gong was sounded or any other signal given; also whether the driver of the vehicle was intoxicated; and whether or not on that account, he did or did not exercise ordinary care in the management of his horse and vehicle.

The court instructed the jury, at the request of the plaintiff, to the effect that if the jury found that he was in the exercise of ordinary care and was in the buggy as the invited guest of the driver, and that the latter had the sole charge thereof, that the former could recover, notwithstanding that the driver was guilty of a want of ordinary care which contributed to the accident, and that such want of care should not be imputed to the plaintiff.

ROBERT C. MORSE and STURTZ & EWAN, for appellant.

ALBERT E. BERGLAND and ANDREWS & ESPEY, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 133*—*when negligence in operating car question for jury.* Whether the gong of a street car was sounded or other warning given of its approach in the nighttime, as well as whether its speed was excessive, are when resting on conflicting testimony, questions for the jury, in an action for a collision between a car and a carriage.

·See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Johnson v. Galesburg & Kewanee Electric Ry. Co., 193 Ill. App. 387.

2. STREET RAILROADS, § 110*—*when variance between pleading and proof as to cause of injury.* There is a fatal variance between the allegations of a declaration that the plaintiff was injured by reason of a carriage in which he was riding being struck by a street car, so as to cause him to be thrown to the ground, and evidence that the collision caused a horse to run away into a nearby telegraph pole and to thereby throw the plaintiff to the ground.

3. APPEAL AND ERROR, § 521*—*when question of variance open to review.* The question of variance between pleading and proof may be reviewed on appeal, when called to the attention of the trial court by a motion to strike out the evidence at the close of the plaintiff's case, and afterwards included in a motion for a new trial although without being specifically pointed out.

4. WITNESSES, § 283*—*when witness may be cross-examined as to statement of plaintiff discrediting merits of case.* The credibility of a witness for the plaintiff may be impeached by cross-examining him from a paper as to answers made to an attorney for the defendant on another occasion, concerning statement made to the witness by the plaintiff with reference to the merits of his case.

5. NEGLIGENCE, § 112*—*when negligence of intoxicated driver imputable to occupant of vehicle.* A person who places himself in the care of a driver whom he knows to be intoxicated is chargeable with the latter's want of ordinary care which results in an injury to the former.

6. STREET RAILROADS, § 140*—*instruction as to imputing negligence of driver to passenger.* An instruction in an action for injuries sustained by a passenger in a carriage through a collision with a street car, that he could recover from the railroad company if, at the time of the accident, he was in 'the exercise of ordinary care and that he would not be chargeable with the negligence of the driver of the vehicle which contributed to his injury, *held* erroneous, where the evidence was conflicting as to whether the plaintiff voluntarily placed himself in the care of a driver whom he knew to be intoxicated.

7. STREET RAILROADS, § 140*—*instruction as to exercise of care by person injured.* An instruction in an action for injuries sustained by the occupant of a vehicle in a collision with a street car, which limited the exercise of care by him "to the time of the injury complained of," *held* sufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.