## Annie Besserman, Administratrix of Estate of Steve Besserman, Deceased, Defendant in Error, v. Walker D. Hines, Director General of Railroads, Plaintiff in Error.

1. RAILROADS, § 690*—*when contributory negligence prevents recovery for injuries.* The fact that the statute makes the running of a railroad train through a municipality at an unlawful rate of speed prima facie negligence, and that therefore the running of the train in question, in an action for the death of plaintiff's intestate who was killed while riding in an automobile which was crossing defendant's railroad at unlawful speed, was presumed to be negligence, did not give plaintiff the right to recover where the decedent was guilty of contributory negligence.

2. RAILROADS, § 659*—*what constitutes contributory negligence.* Where plaintiff's intestate, an adult, while intoxicated, had crowded with three other intoxicated men into a small inclosed automobile, at night, and knew that the car could not be operated efficiently by its inexperienced drunken driver, he was guilty of contributory negligence which precluded recovery, where a whistle was blown and the train and crossing bells were rung while the train in question, with its headlight visible for miles, was approaching the village crossing at a rate of speed in violation of the statute.

Error to the Circuit Court of Macoupin county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1920. Reversed with finding of fact. Opinion filed October 27, 1920.

PATTON & PATTON, for plaintiff in error; WILLIAM L. PATTON, HENRY L. PATTON and SILAS H. STRAWN, of counsel.

THOMAS RINAKER and JAMES H. MURPHY, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is a writ of error sued out to reverse a judgment of the circuit court of Macoupin county for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

$2,000 rendered in an action on the case by defendant in error against plaintiff in error as damages for the death of one Steve Besserman, who was killed in a collision between an automobile in which he was riding and the engine of a passenger train at a street crossing in Nilwood, Illinois, at about 11 o'clock on the night of Saturday, March 30, 1918.

The declaration contained three counts. The issues presented by the third count only were permitted by the trial court to go to the jury. This count charges that while Steve Besserman with due care was riding across the railroad of the Chicago & Alton Railroad Company at a street crossing in the Village of Nilwood, the plaintiff in error negligently drove a passenger train across said street at a rate of speed in violation of an ordinance limiting the same to 10 miles an hour, whereby the automobile was struck and Besserman was killed.

The Chicago & Alton Railroad runs northeasterly and southwesterly through the Village of Nilwood and crosses Morean street at right angles about 100 feet north of the railroad depot.    On the north side of the crossing is an electric automatic alarm signal which begins to ring when the circuit is closed by an approaching train at a point over 2,000 feet south of the crossing and keeps ringing continuously until after the train has passed over the crossing.  Nilwood is a small village of about 400 inhabitants and is not thickly built up in the neighborhood of this railroad crossing. There is an open space south of Morean street to the depot of 100 feet or more on which there are no obstructions of any kind.  There is a shop and also a store on the south side of the street east of the tracks with an open space of about 60 feet between them. This open space is 70 feet east of the tracks.  The Village of Carlinville is from 6 to 8 miles from Nilwood and the tracks run perfectly straight between these two points over a flat country so that an electric

headlight of a locomotive as it leaves Carlinville can be seen by a person standing on or near the track at the crossing in question in Nilwood. The proofs show that the passenger train in question at the time of the accident was running at a speed of 35 miles an hour or more, also that there was an ordinance of the Village of Nilwood limiting the speed of such trains through the village to 10 miles per hour.

On the day in question, one John Heslop, who lived in the town of Virden, bought in the City of Springfield a one-seated inclosed (or coupé) Ford automobile. He had never owned or operated an automobile before and he had hired a boy to drive the car for him as far as Thayer, a village about 2 miles north of Virden. The boy drove the car past the Village of Auburn, which is 3 or 4 miles from Thayer, from which place Heslop drove it to Thayer. At Thayer, the boy left Heslop and the latter ran the car to Virden, a distance of about 2 miles, and arrived at the latter place about 5 o'clock in the afternoon. From that time until about 11 o'clock at night Heslop drove the car about Virden and back to Thayer and back again to Virden, and spent the time in giving his friends rides in his new car. The greater weight of the evidence shows that frequent stops were made by Heslop and his friends at the different saloons in Virden and Thayer and that at 10:30 o'clock that night Heslop, Besserman and also two men named Hammond and Fyfe were intoxicated. While in a drunken condition in one of the saloons in Virden, they were talking about going to Benld and Gillespie, towns south of Carlinville. These four men left the saloon and Heslop had a gunny sack containing a dozen bottles of beer which he brought from the saloon and put into the car. Heslop, Hammond and Fyfe got into the car and there was some altercation between them and Besserman in which Besserman insisted upon also getting in and the other three tried to keep him out, but finally Besser-

man got into the coupé with the other three men.
About 11 o'clock, they reached the Village of Nilwood
and were seen going towards the railroad crossing
"hollering and singing." A few minutes later they
were struck by a northbound passenger train at the
crossing. The only eyewitness to the accident was the
engineer on the engine who testified that when his
engine was passing the south end of the depot, he saw
the automobile going onto the track and that he im-
mediately shut off the steam and applied the emer-
gency air brake, but the train could not then be
stopped in time to avoid the collision.

The evidence is conclusive that all the statutory sig-
nals were given by the approaching train. Several
disinterested witnesses testified that the whistle was
blown and that the bell was rung and the automatic
bell at the crossing was also ringing and several of
such witnesses testified that the noise of the approach-
ing train was distinctly heard as it was a cold, clear,
still night. The engine struck the automobile and the
four men therein were instantly killed. After the ac-
cident, the gunny sack was found saturated with beer
with the broken bottles therein, also, two broken
whisky bottles were found. The statutes of this State
make the running of a railroad train through a munic-
ipality at an unlawful rate of speed prima facie neg-
ligence, and it must be presumed that the servants of
plaintiff in error, in running the train in question
through the Village of Nilwood at a speed greater than
that prescribed by ordinance, were guilty of negligence.
Besserman, however, was charged with the exercise of
due care for his own safety, and if he was guilty of
contributory negligence, defendant in error cannot re-
cover in this case. *Flynn v. Chicago City Ry. Co.*, 250
Ill. 460.

The Ford coupé was a small inclosed car and was
constructed to carry two persons only. Heslop, its
driver was inexperienced and intoxicated and Fyfe and

Hammond were also intoxicated as well as Besserman. Those four grown men, all of whom were intoxicated, crowded into this small Ford coupé together with a gunny sack of beer and started on their journey. Besserman knew that his companions were intoxicated, that the small inclosed car could not be operated efficiently, crowded as it was and driven by a drunken inexperienced driver. While, ordinarily, the negligence of the driver of a vehicle cannot be imputed to a passenger therein, yet, from the facts in this case, all men in this coupé were guilty of negligence in permitting themselves to ride therein under the conditions and in the manner mentioned. *South Chicago City Ry. Co. v. Dufresne*, 200 Ill. 456; *Johnson v. Galesburg & K. Elec. Ry. Co.*, 193 Ill. App. 387. If either one of them had used, or was in a condition to have used, either of their senses of sight or hearing, he could not have failed to have known of the approaching train and the accident could have been avoided regardless of the speed thereof.

The judgment of the circuit court is reversed and the clerk is directed to embrace in the judgment of this court a finding of the following fact: The court finds as an ultimate fact from the evidence that Steve Besserman was guilty of negligence which contributed to his death.

*Reversed with finding of fact.*