E. V. ELLER v. W. L. DENT AND THOMAS DENT.

(Filed 2 November, 1932.)

**Parent and Child A a—Father is liable for injuries proximately caused by reason of allowing 15-year-old son to drive truck.**

It is negligence on the part of a father to permit his minor son who is under the legal driving age to drive his truck upon the public highway, and the father may be held liable for injuries proximately caused by such negligence, and although the mere fact that the son was under the legal driving age would not of itself establish such negligence as the proximate cause of an accident, under the evidence in this case the issue of proximate cause was for the determination of the jury.

APPEAL by defendants from *Stack, J.,* at July Term, 1932, of ASHE.

Civil action to recover damages for alleged negligent injury caused by collision between a Ford coupe, in which the plaintiff was riding as an invited guest, and a truck, owned by the defendant, W. L. Dent, and operated at the time by his minor son, Thomas Dent. The scene of the collision was on the highway between Jefferson and West Jefferson in Ashe County; the time Sunday afternoon, 23 February, 1930.

There is evidence tending to show that the defendant, Thomas Dent, 15-year-old son of the defendant, W. L. Dent, took his father's truck out of the garage just after lunch on the day in question for the purpose of going to West Jefferson to see a basketball game. The father knew that the son was away with the truck. The collision occurred on the return trip about 6 o'clock that afternoon.

From a verdict and judgment in favor of plaintiff, the defendants appeal, assigning errors.

*C. W. Higgins, U. S. G. Bauguess and Ira T. Johnston for plaintiff.*
*T. C. Bowie and W. B. Austin for defendants.*

STACY, C. J. The liability of the defendant, W. L. Dent, is not predicated solely upon the negligence of the son in driving the father's truck on the day in question (*Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096), but upon the alleged negligence of the father in permitting the 15-year-old son to operate his truck upon the highway in violation of law. *Taylor v. Stewart,* 172 N. C., 203, 90 S. E., 134. If this alleged negligence of the father be the proximate cause, or one of the proximate causes, of plaintiff's injury, as the jury has so found, then W. L. Dent has properly been held liable in damages therefor. *White v. Realty Co.,* 182 N. C., 536, 109 S. E., 564.

Speaking to the question in *Linville v. Nissen, supra,* it was said: "We would not be understood, however, as holding that the father would

not be liable if he should place his automobile in charge of a child of tender years any more than if he would intrust an unruly horse to him. But in such case the liability arises from the father's negligence, and not from the imputed negligence of the child."

Thomas Dent was driving the truck in violation of law, in that, he was under 16 years of age at the time, and while this circumstance alone, under the evidence disclosed by the record, would not perforce, as a matter of law, proclaim such fact the proximate cause, or one of the proximate causes, of plaintiff's injury, nevertheless, the issue was one for the jury. *Taylor v. Stewart, supra.*

"When a motor car is used by one to whom it is loaned for his own purposes, no liability attaches to the lender unless, possibly, when the lender knew that the borrower was incompetent and that injury might occur."—*Clark, C. J.,* in *Reich v. Cone,* 180 N. C., 267, 104 S. E., 530.

There was nothing said in *Tyson v. Frutchey,* 194 N. C., 750, 140 S. E., 718, or *Grier v. Grier,* 192 N. C., 760, 135 S. E., 852, which militates against plaintiff's right to recover in the instant case.

No error.