LEWIS FIELDS, AN INFANT, BY SUSIE B. FIELDS, HIS NEXT FRIEND, v.
GROVER C. BROWN.

(Filed 10 January, 1934.)

**Automobiles D c—Evidence of father's negligence in allowing son under
sixteen years of age to drive truck held sufficient for jury.**

Evidence that a father allowed his son under sixteen years of age to
drive his truck, that the father had been told that the son was a reckless
driver, and that the son while driving the truck to a certain destination
as instructed by his father, drove carelessly and recklessly, resulting
in an accident and injury to a gratuitous guest riding in the truck, is
held properly submitted to the jury in the guest's action against the
father to recover for the damages sustained.

CIVIL ACTION, before *Daniels, J.,* at January Term, 1933, of WARREN.

The evidence tended to show that the plaintiff, a young man about
twenty years of age, was riding as a gratuitous passenger or guest in a
truck owned by the defendant and driven at the time by his son, Thurs-
ton Brown, who was under sixteen years of age. The evidence further
tended to show that the truck approached a car traveling in the same
direction while both cars were approaching a curve. The plaintiff said:
"You could not see around the curve on our right-hand. . . . On
the left.side there was just a deep fill about six or seven feet deep.
. . . The car in front of us was going in the same direction Thurston
Brown was going. Thurston tried to pass the other car, but did not
blow, and about the time he tried to pass he turned over down that hill.
Thurston didn't blow his horn and the man in front did not turn out.
In my opinion Thurston didn't have room to get by. He was going
about thirty-five or forty miles an hour. Thurston was just in the start
of the curve when he started to pass the other car. He never got by the
other car but turned over just as he got beside it. The left-hand wheel
ran off in the fill and after the truck ran off it turned over two times
to my remembrance."

The plaintiff sustained a broken leg and other serious and permanent
injuries. Issues of negligence and damages were submitted to the jury
and answered in favor of the plaintiff, awarding $450.00 damages.
From judgment upon the verdict the defendant appealed.

*Polk & Gibbs for plaintiff.*
*Julius Banzet and Frank Banzet for defendant.*

BROGDEN, J. The defendant, Grover C. Brown, owned a truck. He
directed his son, a boy less than sixteen years of age, to take the truck

and·carry Peter Williams and Tom Davis to.Warrenton. The plaintiff was riding in the truck as a guest. There was evidence that in carrying out the instructions of the father the son operated the truck in a careless and negligent manner, thereby causing the same to leave the road, turn over and inflict serious and permanent injuries upon the plaintiff. A witness for plaintiff testified: that prior to the injury he had notified the defendant that his son drove too fast. The language used by this witness discloses a striking figure of speech which adds materially to the richness of metaphors. He said: "I told him I thought it would be better to learn one of his girls to drive instead of letting Thurston drive, and that if he didn't I thought he would have a hole cut in his family."

The trial judge ruled correctly in submitting the cause to the jury. *Eller v. Dent,* 203 N. C., 439, 166 S. E., 330.

There are certain exceptions to the charge, but they are not sustained as the instructions are fully warranted by the decisions in *Eller v. Dent, supra,* and *Dreher v. Divine,* 192 N. C., 325, 135 S. E., 29.

No error.