J. A. TAYLOR, ADMINISTRATOR, v. H. T. CAUDLE, ADMINISTRATOR.

(Filed 29 April, 1936.)

1. **Automobiles E a—Owner of car is negligent in permitting reckless, incompetent person to drive his car.**

    Evidence that the owner of an automobile permitted a person to drive the car who was a reckless and incompetent driver and given to the habitual and excessive use of liquor *is held* sufficient to be submitted to the jury on the issue of the owner's negligence in permitting such person to drive his car.

2. **Automobiles D a: Trial D a—Conflicting evidence held to raise issue of fact for jury on question of contributory negligence of guest.**

   Conflicting evidence as to whether plaintiff's intestate knew the general reputation of the driver of the car as reckless and incompetent and addicted to drink when intestate got into the car as such driver's guest *is held* to raise an issue of fact for the jury on the question of intestate's contributory negligence.

APPEAL by defendant from *Shaw, Emergency Judge,* at January Special Term, 1936, of MECKLENBURG.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect, or default of defendant's intestate.

The case was tried upon allegation and evidence tending to show that on 2 October, 1932, plaintiff's intestate, a boy sixteen years of age, was killed while riding in an automobile owned by George B. Caudle and negligently driven at the time by Hunter Byrum. It is in evidence that Byrum was a reckless and incompetent driver, given to habitual and excessive use of liquor, and that Caudle permitted him to drive his car, knowing him to be such a person. It is further in evidence that the driver of the Caudle car, in attempting to go around another car, on a rough and dusty road in Montgomery County, at a speed of sixty miles an hour, ran off the road into the ditch, hit a stump, turned the car over, and killed plaintiff's intestate.

The coroner and undertaker testified that they smelled whiskey on Hunter Byrum's breath soon after the accident.

Under defendant's plea of contributory negligence, there was evidence tending to show that plaintiff's intestate was driving the Caudle car at the time of the injury; also that he suggested the ride in question; and that Hunter Byrum's reputation as a reckless and unsafe driver was known to plaintiff's intestate before starting upon the fatal trip.

There was evidence in rebuttal on behalf of the plaintiff.

The usual issues of negligence, contributory negligence, and damages were submitted to the jury and answered in favor of plaintiffs. From judgment thereon defendant appeals, assigning errors.

*H. C. Jones and Brock Barkley for plaintiff.*
*M. K. Harrill and J. F. Newell for defendant.*

STACY, C. J. The liability of the owner of the car is predicated upon his alleged negligence in intrusting his automobile to a reckless and incompetent driver, one given to habitual and excessive use of liquor, and known to be irresponsible or untrustworthy. *Eller v. Dent,* 203 N. C., 439, 166 S. E., 330; *Robertson v. Aldridge,* 185 N. C., 292, 116

S. E., 742; *Tyree v. Tudor,* 183 N. C., 340, 111 S. E., 714; *Elliott v. Harding,* 107 Ohio St., 501, 140 N. E., 338; 36 A. L. R., 1128. There was ample evidence to support this allegation.

While it would seem the jury might well have answered the issue of contributory negligence in favor of the defendant, in view of the evidence tending to show plaintiff's intestate's knowledge of Byrum's general reputation and character as a reckless and unsafe driver, still there is evidence to the contrary, and the issue was one for the twelve. *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601.

The record presents no exceptive assignment of error upon which a new trial could be awarded, hence the result will not be disturbed.

No error.