ALICE D. BOGEN v. H. L. BOGEN.

(Filed 7 January, 1942.)

**1. Automobiles § 20a—**

A guest may be guilty of primary negligence barring recovery as a matter of law in accepting the hospitality of a driver whom he knows to be habitually careless and reckless and addicted to driving at excessive speed *without keeping a proper lookout.*

BOGEN *v.* BOGEN.

**2. Same: Husband and wife § 6—**

A wife, who is a guest in her husband's car is under the same duty to exercise due care for her own safety as any other guest.

**3. Same—Evidence held to disclose primary negligence on part of guest barring recovery against driver as matter of law.**

Plaintiff was the wife of defendant. She testified that she knew he habitually drove in a reckless manner and at a high rate of speed without keeping a proper lookout; that he habitually ignored any protest or remonstrance that she made; that the accident in suit occurred after several days travel on a long journey during which she repeatedly remonstrated with him; and that the accident in suit was proximately caused by his negligence. *Held:* Her evidence discloses acts of primary negligence in becoming a guest in his car and in failing to abandon the journey on any of the numerous opportunities she had to do so after his continued recklessness became apparent, which negligence contributed to her own injury and precludes recovery as a matter of law.

APPEAL by defendant from *Burgwyn, Special Judge,* at August Term, 1941, of ORANGE. Reversed.

Civil action to recover damages for personal injuries resulting from alleged negligence of the defendant.

Plaintiff is the wife of the defendant. They live in Columbus, Ohio. On the night of 14 August, 1937, they started on a pleasure trip which was to extend through North Carolina to Washington, D. C., to Philadelphia and thence back to Columbus. They were traveling on an automobile owned and operated by the defendant. On 17 August, in or near the village of Efland, North Carolina, defendant's automobile collided with an automobile being operated by one Murray. As a result plaintiff received certain physical injuries.

Plaintiff offered evidence tending to show that the collision was proximately caused by the negligent manner in which the defendant was operating his automobile. She testified that he was at the time driving from 60 to 70 miles per hour and that he was not looking and did not see the other car until she called it to his attention.

She further testified that on Saturday night they drove from Columbus to Cincinnati, during which time she made strenuous remonstrance concerning his manner of driving; that they drove only about 25 miles on Sunday and that during Monday and Tuesday up until the time of the wreck he was driving in such a reckless manner that she remonstrated with him repeatedly; that his only reply was that so long as he was driving the automobile he was going to drive it to suit himself; that on most of the trip they drove from 60 to 70 miles per hour and on one occasion he raced with another car. She likewise testified that whenever he is driving he always looks at the scenery instead of at the road; that his manner of driving generally is such that when he is driving she has

BOGEN *v.* BOGEN.

to protest every day out of three hundred and sixty-five in a year and
that when she protested he would always reply that when he was driving
he would drive to suit himself.

Issues were submitted to and answered by the jury in favor of the
plaintiff. From judgment thereon defendant appealed.

*Bonner D. Sawyer and George M. Austin for plaintiff, appellee.*
*Cooper & Sanders and Graham & Eskridge for defendant, appellant.*

BARNHILL, J. Is a guest passenger on an automobile guilty of such
negligence as will bar recovery for injuries received as a result of the
negligence of the driver when it appears that she knew, before becoming
a passenger, that the driver was in the habit of operating his automobile
in a reckless manner at an excessive speed and without keeping a proper
lookout? This is the decisive question presented by this record and, in
this jurisdiction, it is one of first impression. That such conduct on the
part of a passenger would warrant an affirmative answer to the issue of
contributory negligence was held in *Taylor v. Caudle,* 210 N. C., 60,
185 S. E., 446. However, in that case the evidence was conflicting
requiring its submission to the jury. The exact question here presented
was not discussed or decided.

This Court has held also that under given circumstances it becomes
the duty of the passenger to protest and remonstrate, and, if feasible, to
quit the journey, and that his failure so to do is evidence of contributory
negligence. These cases, represented by *King v. Pope,* 202 N. C., 554,
163 S. E., 447; *Norfleet v. Hall,* 204 N. C., 573, 169 S. E., 143; *York
v. York,* 212 N. C., 695, 194 S. E., 486, are not directly in point. In
none was it made to appear that the passenger began the journey with
knowledge that the driver was prone to operate an automobile in a negli-
gent or reckless manner.

Hence, we must look to the reason of the thing and arrive at a logical
conclusion under well recognized principles of law applicable in negli-
gence cases, aided as we may be by pertinent decisions in other jurisdic-
tions. In so doing there are cases in this and other jurisdictions which
may be considered by way of analogy.

Where the owner of an automobile hires or lends it to another, know-
ing that the latter is an incompetent, careless or reckless driver and
likely to cause injury to others in its use, the owner is liable for injuries
caused by the borrower's negligence, on the ground of his personal negli-
gence in entrusting the automobile to one who he knows is apt to cause
injury to another in its use. *Rush v. McDonnell,* 214 Ala., 47, 106 So.,
175.

Liability in such cases depends on common law principles, upon the
ownership of the automobile, the incompetency of the bailee to whom its

operation is entrusted to operate it properly and safely, the owner's timely knowledge of such incompetence, and injury to a third person resulting proximately from the incompetence of the bailee. *Rush v. McDonnell, supra.*

The owner must not let or loan his automobile to a person known to him to be an incompetent, careless or reckless driver; *Taylor v. Caudle, supra; Cook v. Stedman;* 210 N. C., 345, 186 S. E., 317; *People v. Ingersoll,* 222 N. W., 765 (Mich.); Anno. 36 A. L. R., 1148, 68 A. L. R., 1013, and 100 A. L. R., 923; *Priestly v. Skoures,* 100 A. L. R., 916 (Kan.); 42 C. J., 1078; 2 Blashfield Cyc. Auto L. & P., 1332; or given to habitual and excessive use of intoxicants; *Taylor v. Caudle, supra; Crowell v. Duncan,* 145 Va., 489, 134 S. E., 576; an immature infant, *Tyree v. Tudor,* 183 N. C., 340, 111 S. E., 714, 68 A. L. R., 1014; *Rush v. McDonnell, supra; Paschall v. Sharp,* 110 So., 387 (Ala.); *Perry v. Simeone,* 239 Pac., 1056 (Cal.); *Naudzius v. Lahr,* 74 A. L. R., 1189 (Mich.); Anno. 36 A. L. R., 1150, and 100 A. L. R., 926; or an unlicensed driver; Anno. 36 A. L. R., 1152, 68 A. L. R., 1015, and 100 A. L. R., 926. He does so at his own peril and is liable for any resulting injury or damage.

He is not held liable under the doctrine of imputed negligence but for his independent and wrongful breach of duty in entrusting his automobile to one who he knows or should know is likely to cause injury.

Thus it appears that it is generally accepted law that had plaintiff owned the automobile on which she was a passenger on the day she was injured and permitted defendant to operate it under the circumstances admitted by her, she would have been liable for any injury inflicted upon any passenger thereon or upon any other third party.

Here, plaintiff became a guest upon the automobile of defendant, knowing at the time that he habitually drives in a reckless manner at a high rate of speed without keeping a proper lookout and that he would ignore any protest or remonstrance she might make, and then failed to abandon the journey and return home on any one of the numerous occasions she had opportunity so to do after his continued recklessness became apparent. The analogous conclusion that she thereby committed a primary act of negligence conclusively evidencing a want of due care for her own safety contributing to her own injury seems to us to be inescapable.

That this is the necessary result of such conduct is sustained by the authorities in other jurisdictions. Some treat it under the doctrine of assumption of risk and some as contributory negligence. (See *Taylor v. Caudle, supra,* where it is treated as contributory negligence.) By whatever name it may be called, the consensus of opinion expressed in these authorities is to the effect that one who voluntarily places himself

in a position of peril known to him fails to exercise ordinary care for his own safety and thereby commits an act of continuing negligence which will bar any right of recovery for injuries resulting from such peril.

A guest, entering an automobile, assumes the dangers incident to the known incompetency, inexperience and driving habits of the driver. 4 Blashfield, 331, and cases cited in notes. It is the general rule that a guest or passenger in an automobile takes the host with his defects of skill and judgment and his known habits and eccentricities in driving. 4 Blashfield, 197.

"When a guest enters an automobile with the knowledge that the driver is incompetent or inexperienced . . . he takes the chances of an accident, and, in case an accident occurs arising from such known incompetency, inexperience, or recklessness, he cannot recover against the driver; for in such case he assumes the risk of the accident by inciting the driver's predisposition to operate the vehicle in an irresponsible manner." 4 Blashfield, 333, and cases cited. So, if a guest, with knowledge of the defective condition of the car and appreciation of the hazards involved, voluntarily assents to ride therein, he will be precluded from recovery for injuries in an accident resulting from the defects of which he has then been cognizant. 4 Blashfield, 336; *Cline v. Prunty,* 152 S. E., 201 (W. Va.); *Pawhowski v. Eskafski,* 244 N. W., 611 (Wis.); *Knipfer v. Shaw,* 246 N. W., 328 (Wis.).

The guest cannot acquiesce in negligent driving and retain a right to recover against the driver for resulting injuries therefrom. 4 Blashfield, 194-195; *Lorance v. Smith,* 138 So., 871 (La.); *Royer v. Saecker,* 234 N. W., 742 (Wis.). The basis for charging the passenger with negligence in such case is simply that of his own personal negligence in thus relying entirely and blindly upon the driver's care. *Russel v. Bayne,* 163 S. E., 290 (Ga.); *Lambert v. Railway Co.,* 134 N. E., 340 (Mass.); *Heyde v. Patten,* 39 S. W. (2d), 813.

A wife, riding in an automobile with her husband, cannot, by reason of her spouse's presence, abandon precautions and blindly entrust all care for her safety to the driver, but is under an obligation not substantially different from that of anyone else, not so circumstanced, to exercise ordinary care for her own safety and to warn the driver of danger. 4 Blashfield, 198, and cases cited.

On entering an automobile, a guest assumes the dangers incident to the known inexperience or incapacity of the driver. *Maybee v. Maybee,* 11 Pac. (2d), 973; *Cleary v. Eckart,* 210 N. W., 267 (Wis.); 51 A. L. R., 576; *Thomas v. Steppert,* 228 N. W., 513 (Wis.); *Morgan Hill Paving Co. v. Farmville,* 119 So., 610 (Ala.); *Krueger v. Krueger,* 222 N. W., 784 (Wis.); *Daggett v. Lacey,* 9 Pac. (2d), 257.

In the *Maybee case, supra,* in which it appeared that the driver was nearsighted to the knowledge of the daughter, a passenger, the Court says: "She was herself an experienced driver and is charged with knowledge of the dangers and risks incident to a nearsighted driver without glasses driving at a high rate of speed. She cannot ignore such obvious dangers or entrust her safety absolutely to the driver under such circumstances. Because of her acquiescence and consent to be driven under these circumstances, she herself participated in the negligence which caused the injury, and she is, therefore, barred from recovery."

"A father who had frequently accepted an invitation to ride with an adult daughter in her automobile accepted whatever risk attended the degree of proficiency as a driver which the daughter possessed. . . . Guests who accept the hospitality of the driver of an automobile accept whatever risk attends the degree of proficiency of such driver and his usual and customary habits of driving with which they are familiar." *Kelly v. Gagnon,* 236 N. W., 160 (Neb.); *Olson v. Hermansen,* 220 N. W., 203, 61 A. L. R., 1243.

"She knew what her husband's experience in driving the car had been. She was perfectly familiar with his habits of driving. They had driven much of the time on gravel highways. She accepted his skill and experience as a driver. If the accident happened because of his lack of skill and experience in managing the car in gravel, then the consequences of such lack of skill and experience was assumed by her on the trip." *Fontaine v. Fontaine,* 238 N. W., 410 (Wis.).

In *Besserman v. Hines,* 219 Ill. App., 606, plaintiff's intestate became a passenger on a small automobile with two other passengers and the driver, all of whom were under the influence of intoxicants. The car was struck by a train and deceased was killed. In denying recovery the Court said: "While, ordinarily, the negligence of the driver of a vehicle cannot be imputed to a passenger therein, yet, from the facts in this case, all the men in this coupe were guilty of negligence in permitting themselves to ride therein under the conditions and in the manner mentioned."

"The conduct of the plaintiff in riding and in continuing to ride in an automobile when he must have known that the driver was intoxicated established independent negligence upon the plaintiff's part, apart from the driver's negligence, barring the right of recovery." *Lynn v. Goodwin,* 148 Pac., 927 (Cal.); *Wayson v. Rainier Taxi Co.,* 239 Pac., 559 (Wash.); *Mann v. Harmone,* 8 S. E. (2d), 549 (Ga.); Berry on Automobiles (4th Ed.), 529. This rule applies to a passenger for hire as well as to a gratuitous guest. *Wayson v. Taxi Co., supra,* and cases cited.

Finally, in *Bourestom v. Bourestom,* 285 N. W., 426, which was an action by a wife against her husband for damages in which the facts were substantially the same, the Court said:

"The term 'assumption of risk' has caused some difficulty and perhaps a happier phrase might be coined, but it is conveniently used in referring to the duty of the host not to increase the hazard assumed by the guest when entering the car, and the responsibility of the guest to refuse hospitality if he knows of careless habits or fixed defects which make the host an unsafe driver. The guest who voluntarily takes a chance on known dangers in preference to renouncing the benefits of the relationship which he creates by entering the car, must himself bear the consequences when he is injured by reason of a known danger. *Switzer v. Weince,* Wis., 1939, 284 N. W., 509. . . . She voluntarily entered into the host-guest relationship and accepted the benefits to be derived therefrom, knowing of that danger, and she had, therefore, consented to assume the risk of her husband's known habit. Her protests on the evening of the accident were unavailing to relieve her from her assumption of the risk known to her when she entered the car. Having accepted the hospitality proffered by her husband, she cannot complain of the consequences. *Markovich v. Schlafke,* Wis., 1939, 284 N. W., 516."

The court below erred in overruling defendant's motion for judgment as of nonsuit.

Reversed.