D. A. S. HOKE, ADMINISTRATOR OF THE ESTATE OF JAMES MURRAY PATE, JR., v. ATLANTIC GREYHOUND CORPORATION, YATES CLYDE FARRIS AND GEO. W. SHARPE.

(Filed 20 November, 1946.)

**1. Automobiles §§ 18d, 21—In this action to recover for death of passenger in car, killed in collision between car and bus, evidence of concurring negligence held sufficient.**

In this action to recover for the death of intestate killed in a collision on a narrow highway bridge between a bus and the car in which intestate was a passenger, plaintiff alleged joint and concurring negligence and introduced evidence tending to show that the weather at the time of the collision was drizzly and foggy and the road slippery, that the car was traveling about 30 or 35 miles per hour as it entered the bridge and was being driven by the owner's daughter, who was under the legal driving age, with permission and under the control of defendant owner, who was riding therein on the front seat, that the bus was traveling 40 or 45 miles an hour as it entered the bridge, and that as the bus approached the scene it was 3 or 4 feet on its left side of the center line of the highway. The bus company offered evidence that the car was being driven several feet to its left of the center of the highway and the owner of the car offered evidence that the bus was being driven about 4 feet to its left of the center of the highway. *Held:* Motions for judgment as in case of nonsuit as to each defendant was properly overruled.

**2. Automobiles § 12a—**

By provision of G. S., 20-141, speed in excess of that which is reasonable and prudent under the circumstances when special hazards exist by reason of traffic, weather or highway conditions, is unlawful notwithstanding that the speed may be less than the *prima facie* limits prescribed by the statute.

**3. Automobiles § 18b—**

Plaintiff in a civil action has the burden of showing that excessive speed, when relied upon by him, was a proximate cause of injury. G. S., 20-141.

**4. Automobiles § 13—**

The violation of either G. S., 20-146, prescribing that a vehicle be driven on its right side of the highway when practical, or G. S., 20-148, prescribing that drivers of vehicles traveling in opposite directions in passing each other must each keep to the right and give to the other at least one-half of the regular traveled portion of the roadway as nearly as possible, is negligence *per se*, but in order to be actionable such negligence must be the proximate cause or one of the proximate causes of the injury.

**5. Automobiles § 8k—**

It is negligence *per se* for one to drive a motor vehicle without a license, G. S., 20-7, or for the owner of a car or one having it under his control to permit a person under legal age to operate same, G. S., 20-34, but such negligence must be the proximate cause of injury in order to be actionable.

**6. Negligence § 5—**

   Ordinarily the question of proximate cause is a question of fact for the jury.

**7. Automobiles §§ 8k, 18i—Fact of age must be proximate cause in order to warrant recovery for negligence in permitting person under legal age to drive.**

   Permitting one to drive under the legal age is negligence *per se*, but is not actionable unless the fact of such age be the proximate cause or one of the proximate causes of injury, and while the youthfulness of the driver may be taken into consideration by the jury in determining whether she exercised that degree of care which would have been exercised by an ordinarily prudent person under the circumstances, an additional charge to the jury in response to its request for clarification on the point, to the effect that permitting a person under the legal age to drive is negligence *per se*, and that defendant owner would then be liable if the jury should find from the greater weight of the evidence that negligence on the part of the driver was the proximate cause or one of the proximate causes of the injury, must be held for error.

   Two appeals in same action, No. 525 by defendants Atlantic Greyhound Corporation and Yates Clyde Farris, and No. 528 by defendant George W. Sharpe, from *Alley, J.,* at June Term, 1946, of MECKLENBURG.

   Civil action to recover damage for alleged wrongful death. G. S., 28-172. G. S., 28-173.

   These facts appear to be uncontroverted: Plaintiff's intestate James Murray Pate, Jr., 24 years of age, came to his death on 28 July, 1945, as result of injuries sustained when the automobile of defendant, George W. Sharpe, in which he was riding, and a bus of defendant, Atlantic Greyhound Corporation, collided on the concrete bridge over Big Sugaw Creek on a public highway in the State of North Carolina, a short distance south of the town of Pineville. The automobile was being operated by Carol Sharpe, aged thirteen years and seven months, daughter of defendant Sharpe, with his permission and under his control, and was also occupied by defendant Sharpe on the front seat, and his wife and daughter-in-law and plaintiff's intestate on the rear seat. It was traveling south from the City of Charlotte, North Carolina, toward the City of Columbia, South Carolina. The bus of defendant corporation, of large passenger type, eight feet wide and thirty-three feet long, was being operated by its servant, agent and employee, the defendant Yates Clyde Farris. It was traveling north from the State of South Carolina toward the City of Charlotte, North Carolina. The bridge over Big Sugaw Creek was then about eighteen feet wide and one hundred fifty feet long, with concrete side walls approximately four feet high. The highway was paved, and, north of the bridge, was straight for nearly a quarter of mile, and south of it, straight for about one hundred fifty

feet and then curved to the left on a long sweeping curve. The automobile from the north, and the bus from the south approached said bridge at the same time and met and came into collision on the bridge.

Plaintiff alleges in his complaint that the injury and death of James Murray Pate, Jr., resulted directly and proximately from the joint and concurrent negligence of the defendants herein:

I. In that the defendants Atlantic Greyhound Corporation and Yates Clyde Farris operated the bus of said corporation (1) at an unlawful rate of speed, (2) on its left and wrong side of the center line of the highway and bridge when it was approaching another vehicle going in the opposite direction, in violation of G. S., 20-146, and G. S., 20-148, (3) wthout proper control upon a narrow bridge on a wet and slippery road, and (4) in a careless, reckless and negligent manner, and in wanton disregard of the rights and safety of others in violation of G. S., 20-141.

II. And in that the defendant George W. Sharpe unlawfully permitted his automobile to be operated in the State of North Carolina (1) by his minor daughter Carol Sharpe, although she had not reached the age of 16 years, and was not licensed to drive an automobile either in this State or in the State of South Carolina, (2) by a young and inexperienced driver at a rate of speed inconsistent with the rights and safety of others on a wet, slippery highway and bridge, in violation of the laws of the State of North Carolina, particularly G. S., 20-141; (3) to the left and wrong side of the center line of the highway and bridge which it was traversing when it was approaching another vehicle going in the opposite direction, in violation of G. S., 20-146, and (4) in a careless and negligent manner in wanton disregard of the rights and safety of others, in violation of G. S., 20-141.

The defendants Atlantic Greyhound Corporation and Yates Clyde Farris, answering the complaint of plaintiff, deny the allegations of negligence against them, and, by way of further answer and defense aver that the injury and death of plaintiff's intestate in said collision was the result of negligence of defendant George W. Sharpe as the sole proximate cause in the manner specifically set forth.

The defendant George W. Sharpe, answering the complaint of plaintiff, denies the allegations of negligence against him, and by way of further answer and defense avers (1) that if he were negligent in any way his negligence is imputed to plaintiff's intestate and plaintiff, (2) that the injury and death of plaintiff's intestate was caused solely and proximately by the negligence of defendant Atlantic Greyhound Corporation, through its driver and co-defendant in manner specifically set forth, and (3) that if plaintiff's intestate met his death on account of any negligence of this defendant, he contributed thereto by his own negligence in manner set forth.

Upon the trial below plaintiff offered among others two witnesses whose testimony tends to show that they saw the collision in question; that they were on the side of the highway about 150 feet north of the bridge; that the weather was "drizzly and foggy and the road was slippery"; that the Sharpe car and the Greyhound bus entered the bridge about the same time; that the Sharpe car from the north passed them running at speed of about 30 or 35 miles an hour; that it appeared to slacken its speed and the squealing of brakes was heard; that it did not appear to skid, but that it continued straight on and appeared to be rolling forward to cross the bridge; that as the Greyhound bus approached from the south it was 3 or 4 feet on its left side of the center line of the highway and "couldn't get back"; that the bus was going pretty fast, running at speed of 40 or 45 miles as it entered the bridge; that the two vehicles collided, the bus hitting the left side of the car,— knocking it against the bridge, and consequently damaging it.

Plaintiff also offered photographer to identify photographs made by him at the scene of and after the collision and the same were offered in evidence for the purpose of illustrating testimony of witnesses. And on cross-examination of this witness and others, testimony was elicited that there were tire marks where the brakes had been applied, leading from the rear of the bus tires for a distance of 75 feet,—21 feet of it being south of bridge, but all of it on the bus's right side of the center line of the highway,—starting south of the bridge at 18 inches and veering slightly to the right, to the point where the bus came to rest on the bridge after the collision.

Defendants Atlantic Greyhound Corporation and Yates Clyde Farris, reserving exception to refusal of the court to grant their motion for judgment as of nonsuit, offered testimony tending to show among other things: (1) That the photograph, offered in evidence by plaintiff, as aforesaid, showing tire marks on the surface of the bridge south of bus, correctly represented the scene of the accident; that at the beginning of those marks, 75 feet from the bus, the one nearest the center line of the bridge was two feet to the bus's right of the center line, and led directly to the rear of the bus, veering slightly to the right, and (2) that as the bus approached the bridge, it was raining slightly and the road was slick; that coming around the curve, the bus was traveling about thirty-five miles an hour, on its right side of the highway, and never, at any time, got on the left side, as the driver remembered; that the bus was traveling at about same speed as it entered the bridge, but, at that time, seeing the automobile start "sliding" its rear over to the bus's side of the bridge, the driver applied the brake of the bus and tried to stop, reducing its speed to about five miles an hour when the collision took place—stopping immediately—the bus being against the side wall of

the bridge on its right; and that the automobile did not get back on its right side until after the collision.

Defendant George W. Sharpe, reserving exception to the refusal of his motion for judgment as of nonsuit, offered testimony tending to show, among other things, (1) that as the bus of defendant corporation was traveling the curve, south of the bridge, it was about four feet over the center line of the highway and traveling at a speed of "some 45 to 50 miles per hour," and that when seen by Carol Sharpe, the driver of the automobile, about 100 to 150 feet south of the bridge, the bus looked to her "like it was driving anywhere from 50 to 60 miles per hour, 3 or 4 feet" on her side of the road; that it did not get back on its side; (2) that as the automobile approached the bridge it was running at speed of about thirty miles per hour; that the driver took her foot off the accelerator and slowed down the automobile; that as it got on the bridge it kept slowing down; that the driver did not apply brakes, until she saw that the bus was not getting back on its side of the highway, and about that time the collision occurred, and that the automobile did not skid before it got on the bridge, and (3) that Carol Sharpe was, at the time, "very competent to drive an automobile."

Defendant Sharpe also offered in evidence the "North Carolina Emergency War Powers Proclamations," effective at 12 o'clock noon, 6 May, 1943, providing among other things that notwithstanding the *prima facie* limits of speed, fixed by the statute, "it shall be unlawful to drive any vehicle at a speed in excess of thirty-five (35) miles per hour, except those exempted in Section 107,"—the exception not being pertinent here.

Motions of defendant Atlantic Greyhound Corporation and Yates Clyde Farris, and of defendant George W. Sharpe for judgment as of nonsuit at close of all the evidence were overruled, and they respectively entered exceptions.

The case was submitted to the jury on these issues, which were answered as shown, the second and third not being answered:

"1. Was the plaintiff's intestate, James Murray Pate, Jr., injured and killed by the joint and concurrent negligence of the defendants, as alleged in the complaint? Answer—Yes.

"2. Was the plaintiff's intestate, James Murray Pate, Jr., injured and killed by the sole negligence of the defendants, Atlantic Greyhound Corporation and Yates Clyde Farris? Answer ... ...........

"3. Was the plaintiff's intestate, James Murray Pate, Jr., injured and killed by the sole negligence of the defendant, George W. Sharpe, Sr.? Answer ...... ........ .

"4. Did the plaintiff's intestate contribute to his injury and death by his own negligence as alleged in the answer of the defendant, Geo. W. Sharpe? Answer—No.

"5. What amount, if any, is the plaintiff entitled to recover by reason of the wrongful death of his intestate, James Murray Pate, Jr.? Answer—$14,500."

From judgment on the verdict, the defendants Atlantic Greyhound Corporation and Yates Clyde Farris and the defendant George W. Sharpe, respectively, appeal to Supreme Court, and (filing separate records and cases on appeal) assign errors.

*McDougle, Ervin, Fairley & Horack for plaintiff, appellee.*

*R. Hoyle Smathers and Smathers & Meekins for defendants, appellants, Atlantic Greyhound Corporation and Yates Clyde Farris.*

*Frank H. Kennedy, Goebel Porter, and P. D. Kennedy, Jr., for defendant, appellant, George W. Sharpe.*

WINBORNE, J.  The separate appeals of defendants Atlantic Greyhound Corporation and Yates Clyde Farris and of defendant George W. Sharpe are considered together, in view of the fact that they are in the same cause and from the same judgment on verdict finding joint and concurrent actionable negligence of all defendants.

In this connection decision here turns upon these assignments of error: (1) The refusal of the court to grant the motions of the respective defendants for judgment as in case of nonsuit at the close of all the evidence; and (2) a certain portion of the charge.

In the light of the allegations of joint and concurrent negligence as set forth in the complaint, the evidence shown in the record, tested by principles of law applicable thereto, appears to be sufficient to take the case to the jury as to all defendants.

The statute, G. S., 20-141, pertaining to restrictions upon speed of motor vehicles in this State provides in pertinent part that "no person shall drive a motor vehicle on a highway at a speed that is greater than is reasonable and prudent under the conditions then existing." It also provides that the fact that the speed of a vehicle is lower than the *prima facie* limits therein set forth shall not relieve the driver from the duty to decrease speed when special hazard exists with respect to other traffic or by reason of weather and highway conditions, and the speed shall be decreased as may be necessary to avoid colliding with any vehicle on the highway in compliance with legal requirements, and the duty of all persons to use due care. In *Kolman v. Silbert*, 219 N. C., 134, 12 S. E. (2d), 915, referring to this section of the statute and to that section now G. S., 20-140, *Barnhill, J.,* characterized them as constituting "the hub of the motor traffic law around which all other provisions regulating the operation of automobiles revolve." And, continuing, it is there said: "The motorist must at all times drive with due caution and circumspection, and at a speed and in a manner so as not to endanger, or be likely

to endanger, any person or property. At no time may he lawfully drive at a speed greater than is reasonable and prudent under the conditions then existing." In that case as in the present case, the weather was inclement,—raining.

However, the above statute, G. S., 20-141, further provides that the above provision shall not be construed to relieve the plaintiff in any civil action from the burden of proving negligence on the part of defendant as the proximate cause of an accident.

Also, the statute, G. S., 20-146, provides in pertinent part that upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway, unless it is impracticable to travel upon such side of the highway. Moreover, the statute, G. S., 20-148, provides that "drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main-traveled portion of the roadway as nearly as possible." The violation of either G. S., 20-146, or G. S., 20-148, would be negligence *per se,* but in order to be actionable such negligence must have been the proximate cause, or one of the proximate causes, of the collision. See *Morgan v. Coach Co.,* 225 N. C., 668, 36 S. E. (2d), 263; *Tysinger v. Dairy Products,* 225 N. C., 717, 36 S. E. (2d), 246, and cases cited.

Furthermore, the motor vehicle statute provides that no person, except those expressly exempted from license, "shall operate a motor vehicle upon any highway in this State unless such person upon application has been licensed as an operator or chauffeur by the department under the provisions of this article." G. S., 20-7. It is also provided "an operator's license shall not be issued to any person under the age of sixteen (16) years . . ." G. S., 20-9,—the age being reduced to fifteen years for biennium ending 19 March, 1947. Session Laws 1945, chapter 834.

And it is further provided that "no person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or in violation of any of the provisions of this article." G. S., 20-34. Such violations are declared to be misdemeanors. G. S., 20-35.

The violation of these provisions of the statute would constitute negligence *per se,* but in order to be actionable such negligence must be the proximate cause, or a proximate cause, of the injury. *Morgan v. Coach Co., supra; Tysinger v. Dairy Products, supra.*

"What is the proximate cause of an injury is ordinarily a question for the jury . . . It is to be determined as a fact, in view of the circumstances of fact attending it." *R. R. v. Kellogg,* 94 U. S., 464, 24 L. Ed., 256. See *Conley v. Pearce-Young-Angel Co., et al.,* 224 N. C., 211, 29 S. E. (2d), 740, and cases cited.

The next assignment of error considered is that brought up on the appeal of defendant Sharpe. It arose under these circumstances: The jury, after retiring for its deliberations, returned and asked the court this question: "The court says, your Honor, that Mr. Sharpe was negligent in letting his daughter drive, to begin with. Well, if she was driving in a normal manner at the scene of the accident, would Mr. Sharpe be held liable for the accident?" The court replied as follows: "That's not what I charged you. I charged you that it would be negligence *per se* if he permitted his 13-year-old daughter to drive the car at all, under any circumstances; that alone would be negligence on his part. And if you find, by the greater weight of the evidence, that negligence on her part was the cause of the injury and death,—the sole cause of the injury and death, or one of the contributing efficient causes of the injury and death of the dead boy—then Sharpe would be liable. The only remaining thing for you to find there, is whether the negligence of the 13-year-old driver was one of the proximate causes of the injury and death of the dead boy."

The charge as here given is not responsive to the question of the jury, and tends to confusion. Hence, the exception is well taken.

While it would be negligence *per se* for defendant Sharpe to permit his daughter, who was under fifteen years of age, to drive his automobile in this State, such negligence is not actionable unless the fact that she was of such age be the proximate cause, or one of the proximate causes of the injury. Therefore, if she were operating the automobile in accordance with the duty imposed by law upon operators of automobiles, the negligence of her father in permitting her to operate it in violation of law would not be actionable. *Taylor v. Stewart,* 172 N. C., 203, 90 S. E., 134; *Eller v. Dent,* 203 N. C., 439, 166 S. E., 330. However, her age may be taken into consideration by the jury in determining whether her conduct in the operation of the automobile under the circumstances surrounding the situation with which she was confronted, was that of an ordinarily prudent person, who in the operation of an automobile must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances.

Since the error thus pointed out affects the first issue, that is, the issue as to the joint and concurrent negligence of all defendants, on which judgment below is based, and there must be a new trial, it is unnecessary to consider any other of the numerous assignments on either appeal. The matters to which they relate may not recur on another trial.

New trial.