JESSE BAKER v. MARTIN R. PERROTT.

(Filed 3 March, 1948.)

1. **Automobiles §§ 18h (2), 18h (3)—Evidence held properly submitted to jury upon issues of negligence and contributory negligence.**

The evidence tended to show that after a collision on the highway, a hearse and a car were stopped on the shoulders on the south side of the highway, and a truck, which had been traveling west, was standing with its left wheels extending two feet to its left of the center line of the highway, the lights on all three vehicles burning. Plaintiff's evidence tended to show that a car approaching from the west passed the scene with safety but that, the vehicles remaining in the same position, defendant's car, traveling east at excessive speed approached the lighted vehicles without slackening speed and in attempting to turn to the right to avoid the truck ran off the highway to his right and struck plaintiff who was standing on the shoulder. Defendant contended that his motions to nonsuit should have been sustained on the issue of negligence in that his evidence disclosed that he was traveling in his proper traffic lane at a lawful speed and hit plaintiff while plaintiff was standing on the hard

surface in such lane, and further on the ground of contributory negligence in that the evidence disclosed that plaintiff remained near or on the hard surface in the face of defendant's approaching car. *Held:* Considering the entire evidence. and particularly that of plaintiff, defendant's motion for judgment of nonsuit was properly denied.

**2. Automobiles § 12a—**

The driver of a vehicle is under duty not to exceed a speed which is reasonable and prudent under the circumstances and to decrease speed when special hazards exist in regard to pedestrians or traffic. G. S., 20-141 (a) ; G. S., 20-141 (c).

APPEAL by defendant from *Williams, J.,* at November Term, 1947, of EDGECOMBE. No error.

This was an action to recover damages for personal injury alleged to have been caused by the negligence of the defendant in the operation of an automobile.

On 20 November, 1946, about 7 p.m., the plaintiff was driving a hearse in an easterly direction on the highway from Durham to Wake Forest, and was closely followed by an automobile owned by him and being at the time driven by James Hart, who was accompanied by his wife. About 5 miles west of Wake Forest plaintiff's vehicles met the motor truck of James Case traveling in the opposite direction. The wheels of Case's truck were 1½ to 2 feet over and to the left of the unmarked center line of the highway, and the automobile driven by Hart came in contact in a side collision with the truck, but Hart was able to drive on off the paved surface and on to the shoulder where he stopped just behind the hearse which had already parked there. The truck had stopped immediately before or at time of the collision, and afterwards the driver, Case, was unable to move it. The lights on all vehicles continued to burn. The paved surface of the road was 18 feet wide and the shoulders 6 feet on each side. The plaintiff. and his companions got out of their vehicles and walked back some 70 yards to a point near the stalled truck and talked to Case. At this juncture an automobile driven by Carlyle Moore approached from the west and passed on safely, and a few minutes later the automobile owned and driven by the defendant Perrott approached from the west, but in attempting to pass the truck the defendant's automobile struck the plaintiff and injured his leg so severely that it had to be amputated. There was conflict as to whether plaintiff when he was struck was standing on the paved surface of the road or on the shoulder, and there was disagreement also as to the speed and movement of defendant's automobile.

The plaintiff alleged in his complaint that the defendant was negligent in that he drove his automobile without keeping proper lookout, at an excessive rate of speed, without observing the plaintiff standing on the

shoulder, and failed to exercise due care and circumspection in attempting to pass the truck at high speed, thus causing his automobile to swerve to the right and strike the plaintiff.

The defendant denied the allegation of negligence, and alleged contributory negligence on the part of plaintiff, in that he remained on the hard surface, in the shadow of the truck lights, in the traffic lane in which he saw the defendant's automobile approaching and when he should have known the defendant's vision was obscured by the lights of the truck. Defendant further alleged that the negligence of Case in leaving his truck with lights on near the center of the road was also one of the proximate causes of the injuries sustained by the plaintiff.

Plaintiff's evidence on the controverted points tended to show that he was standing on the outer edge of the shoulder near the ditch, and that the defendant continued to drive his automobile at full speed in approaching these lighted vehicles parked on or near the highway, and that in attempting to turn to the right to avoid the truck he ran off on the shoulder and struck the plaintiff there, and continued on across the ditch into a cotton field a distance of 60 feet. Plaintiff's evidence also tended to show that while the plaintiff's vehicles and the truck were in the same position the automobile of Moore had passed safely, and that plaintiff had no reason to anticipate that defendant's automobile would run off on the shoulder and strike him.

On the other hand, the defendant's evidence tended to show he was driving about 40 miles per hour, on a straight paved road as he approached the scene; that Case's truck was standing still, extending 2 feet over the center of the road, with lights burning; that the stationary position of the truck was not observable until he had gotten within 30 feet, and that in turning to the right to avoid and pass the truck his wheels did not entirely leave the hard surface in the lane of traffic in which he had to move, and that it was the impact of striking plaintiff that deflected his automobile off the road and into the field. His evidence also tended to show the plaintiff made no effort to move out of harm's way, and that defendant's vision was obscured by the bright lights on Case's truck.

Defendant's motions for judgment of nonsuit were denied. Issues of negligence, contributory negligence and damage were submitted to the jury, and answered in favor of the plaintiff. From judgment on the verdict, defendant appealed.

*Cooley & May for plaintiff, appellee.*
*Philips & Philips for defendant, appellant.*

DEVIN, J. The defendant assigns error in the denial by the court below of his motion for judgment of nonsuit. It is urged that the evi-

dence does not show that the defendant in the operation of his automobile on this occasion failed to exercise reasonable care under the circumstances as they then appeared to him. He points out that he was driving on a straight paved road at a speed not in excess of the statutory limit, and had no reason to anticipate that any person would continue to stand in the light of his approaching automobile on the traveled roadway or so near as to be struck by a passing car, and that if it should be held there was negligence on his part, the plaintiff himself should be held guilty of contributory negligence as a legal conclusion.

However, after considering the entire evidence, and particularly that of the plaintiff, material portions of which are hereinbefore set out, we think the plaintiff's evidence sufficient to carry the case to the jury on both issues of negligence and contributory negligence, and that defendant's motion for judgment of nonsuit was properly denied. This view finds support in several recent decisions of this Court in cases involving similar questions of negligence in the operation of motor vehicles. *Webb v. Hutchins, ante,* 1, 44 S. E. (2d), 350; *Garvey v. Greyhound Corp., ante,* 166, 45 S. E. (2d), 58; *Hoke v. Greyhound Corp.,* 227 N. C., 412, 42 S. E. (2d), 593; *Hoke v. Greyhound Corp.,* 226 N. C., 692, 40 S. E. (2d), 345; *Cummins v. Fruit Co.,* 225 N. C., 625, 36 S. E. (2d), 11; *Allen v. Bottling Co.,* 223 N. C., 118, 25 S. E. (2d), 388; *Pike v. Seymour,* 222 N. C., 42, 21 S. E. (2d), 884; *Kolman v. Silbert,* 219 N. C., 134, 12 S. E. (2d), 915; *Cole v. Koonce,* 214 N. C., 188, 198 S. E., 637. A speed greater than is reasonable and prudent under the conditions then existing is prohibited by statute, G. S., 20-141 (a), and the duty is imposed upon the driver to decrease the speed of his automobile when special hazard exists with respect to pedestrians or other traffic. G. S., 20-141 (c).

There was neither allegation nor proof that the negligence of the driver of the truck which was stopped on the highway at this point was the sole proximate cause of plaintiff's injury, or served to insulate or render harmless the negligence of defendant. *Butner v. Spease,* 217 N. C., 82, 6 S. E. (2d), 808; *Gold v. Kiker,* 216 N. C., 511 (517), 5 S. E. (2d), 548; *Smith v. Sink,* 211 N. C., 725 (728), 192 S. E., 108.

We have examined the other exceptions noted by the defendant to the rulings of the trial court with respect to the admission of testimony and instructions to the jury and find them without substantial merit. The conflicting questions of fact seem to have been fairly submitted to the jury in accord with approved procedure, and they have been determined by the triers of the facts in favor of the plaintiff. The result will not be disturbed.

In the trial we find

No error.