## R. C. BRAFFORD v. W. E. COOK.

(Filed 22 November, 1950.)

**1. Trial § 22b—**

Defendant's evidence in direct conflict with that of plaintiff is not to be considered by the court on motion for involuntary nonsuit.

**2. Trial § 22a—**

On motion to nonsuit, plaintiff's evidence is to be taken as true and he is entitled to every reasonable intendment and legitimate inference fairly deducible therefrom.

**3. Automobiles §§ 16, 18h (2)—Plaintiff's evidence of defendant's excessive speed under circumstances held for jury on issue of negligence.**

Plaintiff's evidence tending to show that defendant was driving his truck on the extreme right lane of a four lane highway following an automobile, that he came from behind the car into the passing lane at a terrific speed and struck plaintiff, who was a pedestrian attempting to cross the highway some 400 feet beyond an intersection, and knocked plaintiff some 15 yards and was unable to stop his truck under 75 yards from the impact, *is held* sufficient to be submitted to the jury upon the issue of negligence notwithstanding that the testimony of plaintiff's witnesses as to the speed of the truck was weakened somewhat on cross-examination, defendant's evidence in conflict with that of plaintiff as to the speed of the truck not being considered.   G.S. 20-141 (a).

**4. Trial § 22c—**

Discrepancies and contradictions, even in plaintiff's evidence, do not justify nonsuit.

APPEAL by plaintiff from *Phillips, J.,* July Term, 1950, of GASTON.

Civil action to recover damages for an alleged negligent injury.

On the afternoon of 25 August, 1949, the plaintiff was undertaking to cross the Charlotte-Gastonia, four-lane, Highway—Wilkinson Boulevard—about 400 feet west of the Belmont-Mount Holly Highway intersection when he was struck by a Chevrolet truck, operated by defendant, and seriously injured.

Plaintiff was crossing on foot from north to south. He says he stopped and looked in both directions before entering upon the hard-surface. He saw a car about 200 feet away, approaching him in the northern lane at a moderate rate of speed. He did not see the defendant's truck which was either back of this car in the northern lane or in the second lane of travel. He heard a roar, started hurrying across, and was "three feet over in the third lane" when he was struck by defendant's truck, traveling west-wardly towards Gastonia.

Plaintiff's witness, Mrs. Elizabeth Orr, says: "The truck was pro-ceeding behind the family car in the extreme northerly lane when I first saw it. . . . This truck in behind comes with a roar and pulls around this car . . . going at a terrific speed and hit Mr. Brafford and knocked him angling 15 yards, and the truck didn't get stopped for 75 yards after it hit Mr. Brafford. . . . At the time of the accident the weather was clear and the highway was dry."

The defendant's evidence paints quite a different picture. It tends to show that the plaintiff ran into the right front fender of defendant's moving truck, which was traveling in the second or speed lane, and that the driver of the truck when he first saw the plaintiff, tried to avoid the injury by turning to his left.

From judgment of nonsuit entered at the close of all the evidence, the plaintiff appeals, assigning errors.

*J. L. Hamme for plaintiff, appellant.*
*James Mullen for defendant, appellee.*

STACY, C. J. It would seem that the trial court was influenced by the defendant's evidence in sustaining his demurrer and entering a compul-sory nonsuit. However, as the defendant's evidence is in direct conflict with the evidence of the plaintiff, its credibility is for the jury and it is not to be considered by the court on motion for involuntary nonsuit. *Jackson v. Hodges, Comr., ante,* 694; *Graham v. Gas Co.,* 231 N.C. 680.

For present purposes, the plaintiff's evidence is to be taken as true, and he is entitled to every reasonable intendment and legitimate inference fairly deducible therefrom. *Howard v. Bell, ante,* 611; *Graham v. Gas Co., supra; Higdon v. Jaffa,* 231 N.C. 242, 56 S.E. 2d 661; *S. v. Blanken-ship,* 229 N.C. 589, 50 S.E. 2d 724; *Love v. Zimmerman,* 226 N.C. 389, 38 S.E. 2d 220; *Highway Com. v. Transp. Corp.,* 226 N.C. 371, 38 S.E. 2d 214; *Davis v. Wilmerding,* 222 N.C. 639, 24 S.E. 2d 337; *Diamond v. Service Stores,* 211 N.C. 632, 191 S.E. 355; *Lincoln v. R. R.,* 207 N.C. 787, 178 S.E. 601.

If the defendant came from behind the car in the northern lane at a terrific rate of speed, knocked the plaintiff angling for a distance of

15 yards and was unable to stop his truck under 75 yards from where he struck the plaintiff, as plaintiff's witness says, it would seem to be fairly debatable whether his speed was reasonable and prudent under the conditions then existing. G.S. 20-141 (a) ; *S. v. Blankenship, supra; Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829 ; *Baker v. Perrott,* 228 N.C. 558, 46 S.E. 2d 461 ; *Hoke v. Greyhound Corp.,* 226 N.C. 692, 40 S.E. 2d 345 ; *Tarrant v. Bottling Co.,* 221 N.C. 390, 20 S.E. 2d 565 ; *Kolman v. Silbert,* 219 N.C. 134, 12 S.E. 2d 915. True, the testimony of plaintiff's witness as to the speed of the truck was weakened somewhat on cross-examination, but this would still require a finding to determine the matter. *Shell v. Roseman,* 155 N.C. 90, 71 S.E. 86. Discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the court. *Jackson v. Hodges, supra,* and cases cited ; *Bailey v. Michael,* 231 N.C. 404, 57 S.E. 2d 372 ; *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793 ; *Emery v. Ins. Co.,* 228 N.C. 532, 46 S.E. 2d 309 ; *Lincoln v. R. R., supra.*

The case seems to be one for the jury. *Williams v. Kirkman, ante,* 609 ; *Bailey v. Michael, supra; Lincoln v. R. R., supra.*

Reversed.