MRS. NOVA B. FOWLER v. ATLANTIC COMPANY, INC., TRADING LOCALLY AS THE IREDELL ICE & FUEL COMPANY, INC.

(Filed 21 November, 1951.)

1. **Automobiles §§ 8i, 18h (2)—**

   Plaintiff's evidence to the effect that defendant's driver turned left at an intersection without giving the statutory signal, and struck plaintiff's car, which was approaching from the opposite direction, after it had been brought to a standstill but was about six feet inside the intersection, *held* for the jury on the issue of negligence.

2. **Automobiles § 8i—**

   Where two vehicles are traveling in opposite directions along the same street and meet as one of them attempts to make a left turn at an intersection, the rules relating to the entering upon the intersection from a side street are not applicable, G.S. 20-155 (a), but the applicable statutes are G.S. 20-155 (b) and G.S. 20-154.

3. **Same: Automobiles § 18h (3)—**

   The collision in suit occurred when defendant's vehicle, first entering the intersection, attempted to turn left without giving the statutory signal and hit plaintiff's vehicle, which had been traveling in the opposite direction along the same street, as it had been brought to a standstill six feet within the intersection. *Held:* Conflicting evidence as to whether plaintiff's driver, in the exercise of due care, should have seen defendant's vehicle in the act of turning in time to have stopped short of the intersection and thus avoided the collision, takes the case to the jury upon the issue of plaintiff's contributory negligence.

4. **Trial § 22c—**

   Discrepancies and contradictions, even in plaintiff's evidence, are for the jury and not for the court.

5. **Negligence § 19c—**

   Nonsuit on the ground of contributory negligence may be allowed when, and only when, no other inference is reasonably deducible from the evidence.

APPEAL by plaintiff from *Phillips, J.,* at May Term, 1951, of IREDELL.

Civil action to recover for property damage resulting from a collision of two motor vehicles in a street intersection due to the alleged negligence of the driver of the defendant's truck.

The plaintiff's automobile and the defendant's truck were being operated in opposite directions along East Broad Street, which runs east and west in the city of Statesville, approaching the intersection of Tradd Street, which runs north and south. The plaintiff's car was proceeding easterly and the defendant's truck was being driven in a westerly direction. Over the center of the intersection was an electric traffic signal device. Both vehicles,—meeting each other on opposite sides of the intersection,—entered the intersection on a green light. The defendant's truck entered first. The collision occurred as the driver of the defendant's truck was in the act of making a left turn through the intersection into Tradd Street in front of the plaintiff's approaching car. The driver of the defendant's truck did not give a signal of his intention to make the left turn into Tradd Street. The truck, after swinging left from its line of travel on the north side of Broad Street, had reached at the time of the impact a point 10 or 12 feet from the entrance into Tradd Street. The plaintiff's car was in the regular traffic lane for vehicles going easterly through the intersection, and was about 6 feet inside of the intersection. It had approached the intersection at a speed of 15 or 20 miles per hour, but at the time of the impact it had been brought to a standstill. "The right front fender and bumper of the truck hit the left (front) fender" of the car.

The witnesses estimated the width of Broad Street at from 50 to 75 feet, and of Tradd Street from 35 to 50 feet. The collision occurred about 4:30 o'clock in the afternoon of 3 November, 1948. The weather was cloudy. It had rained that day. The evidence, however, was both ways as to the condition of the surface of the street. The plaintiff said it was "not wet." One witness said "it was dry," and another said it "was wet."

The plaintiff's car was being driven by her 18-year-old son. It was admitted that the truck was being driven by the defendant's agent within the scope of his employment.

At the close of the plaintiff's evidence the defendant's motion for nonsuit was allowed. From judgment based on such ruling the plaintiff appealed, assigning errors.

*Adams, Dearman & Winberry for plaintiff, appellant.*
*Land, Sowers & Avery and W. I. Ward, Jr., for defendant, appellee.*

JOHNSON, J. The evidence adduced below, when viewed in its light most favorable to the plaintiff, as is the rule on motion to nonsuit, leaves

the impression that the plaintiff made out a *prima facie* case of actionable negligence for the jury. *Ervin v. Mills Co.*, 233 N.C. 415, 64 S.E. 2d 431; *Brafford v. Cook*, 232 N.C. 699, 62 S.E. 2d 327; *Howard v. Bell*, 232 N.C. 611, 62 S.E. 2d 323.

Undoubtedly, the court below allowed the defendant's motion on the theory that plaintiff's driver was contributorily negligent as a matter of law. It may be conceded that certain aspects of the testimony tend to support the view that the plaintiff's driver may have failed to exercise due care in the circumstances: It was in evidence that the defendant's truck was first in the intersection and in the act of turning into the side street before the plaintiff's car reached the intersection. Even so, the uncontradicted evidence is that the driver of the truck failed to give any signal of his intention to turn left in front of the plaintiff's approaching car, as required by G.S. 20-155 and G.S. 20-154.

This is not a case where a vehicle approaching from a side street has a favored position by virtue of having entered the intersection first. (*Cab Co. v. Sanders*, 223 N.C. 626, 27 S.E. 2d 631, and G.S. 20-155 (a)). Here, the vehicles were meeting as they approached the intersection. Hence, the applicable statutes are G.S. 20-155 (b) and G.S. 20-154.

While this record may be sufficient to sustain the inference that the plaintiff's driver, in the exercise of due care, should have seen the truck in the act of turning in time to have stopped short of the intersection, nevertheless, the record also supports the opposite inference,—that in the absence of a signal by the truck driver of his intention to turn, the plaintiff's driver, in the exercise of due care, may have been unable to stop in time to avert the collision. This makes it a case for the jury. "Discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the court." *Brafford v. Cook, supra* (232 N.C. 699, p. 701); *Maddox v. Brown*, 233 N.C. 519, 64 S.E. 2d 864. See also *Piner v. Richter*, 202 N.C. 573, 163 S.E. 561.

A motion to nonsuit on the ground of contributory negligence may be allowed when, and only when, no other reasonable inference is deducible from the evidence. *Ervin v. Mills Co., supra* (233 N.C. 415); *Grimm v. Watson*, 233 N.C. 65, 62 S.E. 2d 538; *Hobbs v. Drewer*, 226 N.C. 146, 37 S.E. 2d 121; *Atkins v. Transportation Co.*, 224 N.C. 688, 32 S.E. 2d 209; *Cole v. Koonce*, 214 N.C. 188, 198 S.E. 637.

Reversed.