SUSANNA KEATON v. BLUE BIRD TAXI COMPANY OF ASHEVILLE, INC., AND ROY LEE LANNING.

(Filed 9 March, 1955.)

**1. Automobiles §§ 16, 18h (2)—**

The portions of the evidence favorable to plaintiff, considered in the light most favorable to her and giving her every reasonable intendment therefrom, to the effect that she was crossing at an intersection of streets and was struck, when she was approximately two-thirds of the way across, by defendant's taxi which was driven out from behind the bus plaintiff intended to board, *is held* to justify the inference of negligence on the part of the taxi driver as a proximate cause of her injuries, and nonsuit was improper.

**2. Trial § 22c—**

Discrepancies and contradictions, even in the plaintiff's evidence, are for the jury and not for the court, and do not justify nonsuit.

**3. Automobiles § 16—**

The driver of a vehicle is required to yield the right of way to a pedestrian crossing a street along an unmarked crosswalk at an intersection at which traffic control signals are not in operation.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Sharp, Special Judge*, at 23 August, 1954, Extra Term of Buncombe.

Civil action in tort by pedestrian who while crossing a street in the City of Asheville was injured in a collision with a taxi, heard below on appeal from the General County Court.

The collision occurred in the daytime near the intersection of Cherry and Flint Streets. Cherry Street runs east and west; Flint runs north and south. The plaintiff alleges in her complaint that just before being struck she had walked eastwardly along the south margin of Cherry Street to the intersection of Flint Street; that when she reached the southwest corner of the intersection she stopped on the curb and looked in both directions for approaching vehicles; that she observed a vehicle which she took to be a White Transportation Company bus approaching from the south on Flint Street, then about 300 feet to her right; that she started to cross Flint Street from the west to the east side at a place designated for pedestrians to cross, where she was accustomed to board the bus in the mornings; that as she was crossing the street eastwardly, keeping a lookout in all directions, she observed a vehicle following just behind the bus which she intended to get on; that about the time she was two-thirds across the street, the driver of the car which was following the bus suddenly and in a careless and reckless manner came out from behind the bus, upon her without warning, and in so doing struck and knocked her a distance of 40 to 60 feet, against the curb on the west side of Flint Street.

The defendants by answer admitted that the plaintiff was injured by contact with one of the corporate defendant's taxis, then being operated by driver Lanning in the course of his employment. However, they deny all allegations of negligence and set up facts materially different from those alleged by the plaintiff, the gist of the defendants' allegations being: that the plaintiff was injured north, rather than south, of the intersection of Flint and Cherry Streets above the cross-walk for pedestrians; that the bus near the scene of the injury was traveling south, rather than north, on Flint Street, and that therefore the bus and the taxi were meeting and traveling in opposite directions rather than in the same direction; that as the driver of the taxi proceeded northwardly on Flint Street he noticed two motor vehicles approaching from the opposite direction, the first a passenger car and the second a White Transportation Company bus; that after the taxi had passed the passenger car, and while it was in the act of passing the bus, the plaintiff suddenly and without warning negligently and carelessly darted out from behind the passing bus and ran

into the left front of the taxi, in such manner that the driver had no opportunity to stop the taxi or turn it to avoid colliding with the plaintiff, the result being that the plaintiff suffered the injuries of which she complains by reason of her own failure to exercise due care, which the defendants plead as contributory negligence.

The plaintiff testified in substance: That on the morning of her injury she proceeded along the south sidewalk of Cherry Street to the intersection of Flint Street; that on arriving at the southwest corner of the intersection, she looked up and down each street leading to the intersection, "and upon seeing nothing coming, except a White Transportation Company . . . bus some distance away, she started across the street to the southeast corner of the intersection, where she was to catch the oncoming bus; that after she proceeded one-half to three-fourths of the way across Flint Street, still keeping a close lookout, she was struck by some object, which she had not theretofore seen; that she was rendered unconscious by being struck, and that she had no recollection of any further happenings until she came to herself in the hospital; that although she looked in all directions, both before and after she started across the street, she had been able (unable) to see within her line of vision any vehicle other than the bus hereinbefore mentioned." On being recalled, the plaintiff testified further she "intended to catch the bus that was traveling in a northerly direction on Flint Street . . . and it was the bus she stated she had seen."

K. W. Partian testified for the plaintiff in substance: That at the time of the injury he was proceeding south on Flint Street; that as he crossed the intersection of Starnes Avenue, one block from the intersection of Cherry Street, "he noticed a taxicab stopped at the east side of the street and a White Transportation Company bus, drawn up to the curb just behind it; that one or more men came from about the stopped vehicles and proceeded across the street to where the plaintiff was lying, partly in the gutter on the street, and partly on the sidewalk on the west side of the street; that the place where she was lying was at a driveway between two apartment houses and about 50 feet from the intersection of Flint and Cherry Streets; that the stopped bus was pointed a north direction and that there was no bus proceeding south on Flint Street ahead of him, . . ."

The plaintiff offered these portions of taxi-driver Lanning's previous adverse examination: "I was driving down Flint Street on the east side, going north. There was a car parked on right hand side of Flint Street. The car was parked across from 60 Flint Street. Plaintiff, Susanna Keaton, was pushed or knocked down not more than 20 feet by impact of my car. I did not measure it. My car skidded 30 to 35 feet the way it was raining. I finally stopped the car. They measured it down Flint Street. . . . We traveled about 40 feet from where they measured, no marks on the street at all."

KEATON *v.* TAXI CO.

Other evidence offered by the plaintiff, in apparent conflict with her testimony, is omitted as not being pertinent to decision.

The defendant Lanning's testimony as narrated in the case on appeal is in part: ". . . (that) he was proceeding in a northern direction, along Flint Street; that it was raining, and the streets were wet, and he was traveling approximately 20 to 25 miles an hour. That he did not observe any pedestrians or vehicles about the time he was crossing the intersection of Flint and Cherry Streets, at which time he observed a White Transportation bus proceeding southward along Flint Street, coming towards him. That he did not observe any pedestrians at all at that time; that just as the front of his cab was passing the rear of the bus, the plaintiff came from behind the bus, and ran into the front side of the taxicab, which he was operating. That he did not observe any bus or other vehicle traveling north on Flint Street. . . . That he applied his brakes immediately upon seeing plaintiff and that he skidded some 35 feet prior to the impact of her body with his cab. . . . That the bus proceeded south on Flint Street and did not stop, either before or after the plaintiff was hit. . . . there was a car parked on my right side of the street and I couldn't make it; I was in between the bus and the car parked on Flint Street and could not run over that way to avoid her coming in contact with my cab. I didn't see her until the time she came from behind the bus, at which time she was about two or three feet from me."

At the conclusion of all the evidence in the County Court, the defendants' motion for judgment as of nonsuit was allowed. To this ruling the plaintiff excepted and appealed to the Superior Court. There, on review, the judgment of the County Court was affirmed. The plaintiff appeals.

*Styles & Styles for plaintiff, appellant.*
*John C. Cheesborough for defendant, appellees.*

JOHNSON, J. It may be conceded that the plaintiff's evidence is not free of discrepancies and contradictions. It also appears that portions of the plaintiff's evidence are at variance with the facts alleged by her. However, when the portions favorable to the plaintiff—some offered by her and some by the defendants—are weighed and considered and given every reasonable intendment favorable to her, enough evidence is found in harmony with the general theory of her case alleged to overthrow the motion for nonsuit and justify the inference of negligence on the part of taxi-driver Lanning as the proximate cause of the plaintiff's injuries. Discrepancies and contradictions, even in the plaintiff's evidence, are for the jury and not for the court, and do not justify nonsuit. *Fowler v. Atlantic Co.,* 234 N.C. 542, 67 S.E. 2d 496; *Brafford v. Cook,* 232 N.C. 699, 62 S.E. 2d 327.

Here the plaintiff is entitled to call to her aid these provisions of G.S. 20-173 (a) : "Where traffic control signals are not in place or in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within any marked cross-walk or within any unmarked cross-walk at an intersection. . . ." See also G.S. 20-174 (a) and (e). And on the question of contributory negligence as a matter of law, see *Goodson v. Williams,* 237 N.C. 291, 74 S.E. 2d 762, and *Simpson v. Curry,* 237 N.C. 260, 74 S.E. 2d 649.

We conclude that the case is one for the jury.

Reversed.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.