## WILLIAM J. BRIDGERS v. RUDOLPH WIGGS.

(Filed 20 March, 1957.)

**1. Automobiles § 41l—**

Evidence tending to show that defendant was driving his car at an excessive speed and struck plaintiff who was walking in the same direction on the shoulder on his right side of the highway, but entirely off the hard surface, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence.

**2. Trial § 22c—**

Discrepancies and contradictions in plaintiff's evidence are for the jury to resolve and do not justify nonsuit.

**3. Automobiles § 42k—**

    Evidence that plaintiff was walking on the right shoulder of the highway, but completely off the hard surface, when struck from the rear by a car traveling at excessive speed, does not disclose contributory negligence on the part of plaintiff as a matter of law.

**4. Negligence § 19c—**

    Motion for nonsuit on the ground of contributory negligence may be sustained when, and only when, no other reasonable inference is deducible from the plaintiff's evidence.

APPEAL by plaintiff from *Stevens, J.,* January Civil Term, 1957, of WILSON.

    *Lucas, Rand & Rose and Naomi E. Morris for Plaintiff, Appellant.*
    *Gardner, Conner & Lee for Defendant, Appellee.*

JOHNSON, J.  Civil action in tort by plaintiff pedestrian to recover for personal injuries sustained when struck by automobile driven by defendant.

At the close of the plaintiff's evidence the trial court allowed the defendant's motion for judgment as of nonsuit.  The single question presented for decision is whether this ruling was correct.

On the night of 18 July, 1952, at about 11:00 o'clock, the plaintiff was walking along U. S. Highway 301 at a point north of the City of Wilson, near the Pine Valley Drive-in Theatre.  U. S. Highway 301 is a double-lane, paved north-south highway.

The evidence on which the plaintiff relies tends to show that he was walking northwardly along the dirt shoulder on the east side of the highway when hit by the defendant's car traveling in the same direction at 75 to 80 miles per hour; that as a result the plaintiff suffered substantial injuries; that there was a pedestrian path on the shoulder about four feet from the pavement; that the plaintiff was in or near this path when hit; that the highway was straight and level for three-quarters of a mile to the south and a quarter of a mile to the north.

The plaintiff testified: "At the time I was struck I was on no part of the hardsurfaced road."  Cross-Examination: "I didn't say I was walking along the path.  I said I was off the pavement. . . . Yes, sir, I was walking on the path.  I might have been a little closer to the pavement but I won't on the pavement.  I will say I was in the path then."

    Hugh M. Bunn testified he saw the plaintiff about 20 or 30 seconds before he was struck and that he was then "walking in that path."

The plaintiff's wife testified that the defendant told her "he was meeting an approaching truck and that the truck did not dim its lights

and that he swerved his car to the far edge, right edge of his side of the road."

Our examination of the evidence leaves the impression it was sufficient to overthrow the motion for nonsuit and justify the inference of negligence on the part of the defendant as the proximate cause of the plaintiff's injuries. Discrepancies and contradictions in the plaintiff's evidence are for the jury and not for the court, and do not justify nonsuit. *Fowler v. Atlantic Co.*, 234 N.C. 542, 67 S.E. 2d 496. The nonsuit below may not be upheld on the theory of contributory negligence as a matter of law. *Landini v. Steelman*, 243 N.C. 146, 90 S.E. 2d 377. Motion for nonsuit on the ground of contributory negligence may be sustained when, and only when, no other reasonable inference is deducible from the plaintiff's evidence. *Donlop v. Snyder*, 234 N.C. 627, 68 S.E. 2d 316.

Since the case goes back for retrial, we refrain from further discussion of the evidence and the applicable principles of law.

The judgment below is

Reversed.