## OLA R. CLINARD v. SECURITY LIFE & TRUST COMPANY.

(Filed 14 April, 1965.)

**1. Insurance § 22—**

As a general rule, when failure on the part of the beneficiary to give notice and furnish proof of death of insured within the time specified is due to ignorance of the existence of the policy, and the beneficiary is without negligence or fault in failing to discover the policy, such delay will not warrant avoidance of the policy when notice and proof of death are given within a reasonable time after the discovery of the existence of the policy in the exercise of due diligence.

**2. Trial § 22—**

Contradictions and discrepancies, even in plaintiff's evidence, are for the jury to resolve and do not justify nonsuit.

**3. Trial § 21—**

On motion to nonsuit, the evidence must be considered in the light most favorable to plaintiff.

**4. Insurance § 22— Evidence held to raise issue of fact whether failure to give notice and proof of death within the time limited was excusable.**

Testimony of plaintiff beneficiary was to the effect that her husband, the insured, was unable to communicate very much during his terminal illness but that he stated he had insurance without saying who it was with, that he did say something about a policy being at his employer's, that upon insured's death plaintiff made diligent search without discovering any policy, and that the plaintiff did not directly contact the employer because she did not know anything about what policies he had. There was further evidence that plaintiff thereafter found a certificate of group insurance in the basement while she was "cleaning up some junk", and that notice and proof of insured's death was furnished within a day or so thereafter, but not until some 22 months after the expiration of the time limited in the policy. *Held:* The evidence permits conflicting inferences that the beneficiary was without fault in failing to give notice and proof of death within the time limited, and also that she had knowledge of facts sufficient to put her upon reason-

able inquiry which would have discovered the group certificate, and therefore the conflicting evidence raises an issue of fact, and the entry of judgment as of nonsuit was error.

APPEAL by plaintiff from *Olive, E. J.,* 31 August 1964 Civil Session of FORSYTH.

Civil action to recover upon a certificate of group life insurance, heard in the small claims division of the superior court. Chapter 207 of the 1963 Session Laws of North Carolina provides a procedure for adjudicating small claims in the superior court of Forsyth County. This statute defines a small claim as an action for a money judgment founded in contract or tort in which the sum demanded, exclusive of interest and costs, does not exceed $5,000, and in which no jury trial is demanded. In this action a jury trial was not demanded by either party.

From a judgment of compulsory nonsuit entered at the close of plaintiff's evidence, she appeals.

*Richard C. Erwin, Sr., for plaintiff appellant.*
*Marion J. Davis for defendant appellee.*

PARKER, J. Defendant issued to Logan Heating Company its Group Life Insurance Policy No. G-241 to provide life insurance for its employees. Pursuant to the provisions of this policy, defendant on 14 May 1959 issued its certificate of group life insurance, certificate No. 56, to Everette E. Clinard, an employee of Logan Heating Company, in the amount of $2,000, in which certificate his wife Ola R. Clinard was named as beneficiary.

Everette E. Clinard worked for Logan Heating Company until 1 July 1961, when he was taken sick and thereafter until his death on 5 November 1961 he was continuously and totally disabled by reason of disease to engage in any work, business or occupation.

After Everette E. Clinard's death, plaintiff and her daughter "ransacked" their home to find any insurance policies, moneys and property belonging to her husband's estate. They looked everywhere. She found upstairs in her bedroom some old policies, bank books, deeds and things of that nature. Plaintiff testified:

"I looked everywhere. Me and my daughter, we looked everywhere to see what, you know, what he had there because after he got sick he could hardly tell me what he had. Prior to Mr. Clinard's death he stated he had insurance but he didn't say who it was with but I never did see it. Mr. Clinard told me the policy was down with Logan Heating Company and that was all I knew. I

didn't see the policy. I saw one that he had, it was an accidental policy. That is the only one that I saw. I saw that policy after his death. Mr. Clinard said something about the policy with Logan Heating Company . . . he had . . . I believe he said it was straight life, I believe he said it was, but I never did see the policy. I never heard him say what he did with it or where it was at. The day I called you (attorney for plaintiff) is the first time that I saw the policy. I found it that morning and I called you that afternoon. The first time I had knowledge of that policy or the whereabouts of the policy was in September 30, 1963 when I found it in the dresser drawer. My husband had said that he had insurance with Logan Heating Company, but he never did give me the policy. At the time of my husband's death or shortly thereafter I did not make any contact with Logan Heating Company. I didn't but the Security (Local Social Security Office) did when he died because they had to get his record from down there. I didn't call them because one of the men had been over to the house to see Mr. Clinard that worked down there when he was quite ill. I didn't contact them directly concerning whether or not he had insurance policy that they might have on file because I didn't know anything about what he had, I hadn't seen it."

On 30 September 1963 plaintiff was in the basement of her house "cleaning up some junk," and found in an old dresser drawer that had not been used since 1960 the certificate of insurance which is the basis of the action here.

Defendant in its answer admits demand made upon it by plaintiff to pay to her as beneficiary the sum of $2,000, the amount of the insurance specified in its certificate of group life insurance, certificate No. 56, and its refusal to pay.

Defendant contends in its brief that it is not liable because its certificate of group life insurance, certificate No. 56, upon the life of Everette E. Clinard, provides "* * * that no payment shall be made under the provisions of this Benefit unless such notice and proof of such death * * * is submitted to the Insurance Company within ninety (90) days after the date of such death * * *"; that the submission to it of notice and proof of death as required by the above provision of its policy was a condition precedent to liability; that Everette E. Clinard died 5 November 1961, and the requisite proof was not submitted to it until some 24 hours after 30 September 1963, and consequently the judgment of compulsory nonsuit was proper, and should be upheld.

Plaintiff in her complaint alleges she should not be barred from recovery by the above quoted provision of the certificate of group life insurance for the following reasons:

"(a)   That the plaintiff did not have any knowledge that the policy had been issued until she found the same on the 30th day of September 1963.

"(b)   That as soon as the policy was found, notice was given to the defendant for the claim in question and that there was no delay on the part of the plaintiff, in that, she had no way of complying with the provisions of the policy in this event.

"(c)   That the plaintiff had used due diligence and exercised that degree of care that a person in her situation would have in looking for the documents, insurance policies and valuable assets of her deceased husband.

"(d)   That at no time has the plaintiff been at fault or negligent as beneficiary in the said certificate."

As a general rule, where the beneficiary of a life insurance policy is ignorant of the existence of the policy and where the lack of knowledge by the beneficiary of the existence of the policy is without negligence or fault on the part of the beneficiary, delay in giving notice and furnishing proof of the death of the assured within a certain period of time after the death to avoid a forfeiture of the policy as provided in the policy is excused, and in such case there is a sufficient compliance with the provisions of the policy if notice and proof of death are made within a reasonable time after the discovery of the existence of the policy. The rationale of the rule is that a beneficiary, absent any negligence on his part, cannot reasonably be expected to submit notice and proof of death under the terms of a policy of which he knew nothing. It would be a harsh rule that would forfeit a life insurance policy because the beneficiary had not given notice within a certain period of time after death as prescribed in the policy, when the beneficiary did not know of the existence of the policy until after the prescribed period had expired, and the beneficiary's ignorance of the existence of the policy is without negligence or fault. *Sanderson v. Postal Life Ins. Co. of New York*, 87 F. 2d 58; *McElroy v. John Hancock Mut. Life Ins. Co.*, 88 Md. 137, 41 A. 112, 71 Am. St. Rep. 400; *Metropolitan Life Ins. Co. v. People's Trust Co.*, 177 Ind. 578, 98 N.E. 513, 41 L.R.A. (N.S.) 285; and annotation thereto; *Munz v. Standard Life & Accident Ins. Co.*, 26 Utah 69, 72 P. 182, 62 L.R.A. 485, 99 Am. St. Rep. 830; *Cady v. Fidelity & Casualty Co.*, 134 Wis. 322, 113 N.W. 967, 17 L.R.A. (N.S.) 260; *Maloney v. Maryland Casualty Co.*, 113 Ark. 174, 167 S.W. 845; *Missouri State Life Ins. Co. v. Barron*, 186 Ark. 46, 52 S.W. 2d 733; *Pacific Mutual Life Ins. Co. v. Adams*, 27 Okl. 496, 112 P. 1026; *Federal Life Ins. Co. v. Holmes, Committee*, 232 Ky. 834, 24 S.W. 2d 906; *Continental Casualty Co. v. Lindsay*, 111 Va. 389, 69 S.E. 344;

*Harper v. People's Industrial Life Ins. Co. of Louisiana (Louisiana Court of Appeals, 4th Cir.),* 123 So. 2d 667; *Curran v. National Life Ins. Co. of United States,* 251 Pa. 420, 96 A. 1041; *Whitehead v. National Casualty Co. (Texas Court of Civil Appeals),* 273 S.W. 2d 678; *Pilgrim Health & Life Ins. Co. v. Chism,* 49 Ga. App. 121, 174 S.E. 212; *Verelst's Administratrix v. Motor Union Ins. Co., Ltd.,* [1925] 2 K.B. 137, 14 B.R.C. 1019; 29A Am. Jur., Insurance, § 1390; Appleman, Insurance Law and Practice, Vol. 3, p. 47; Couch on Insurance, 2d Ed., Vol. 13, § 49:308, p. 799; Cooley's Briefs on Insurance, 2d Ed., Vol. 7, p. 5919; 45 C.J.S., Insurance, p. 1185; Annot., 75 A.L.R. 1504. See also *Woodmen Accident Assn. v. Pratt,* 62 Neb. 673, 87 N.W. 546, 55 L.R.A. 291, 89 Am. St. Rep. 777, where the question of giving notice and furnishing proof of loss is discussed at length, and where there is an extensive review of the American and English cases on the subject.

Plaintiff assigns as error the entry of the judgment of compulsory nonsuit. There are discrepancies in plaintiff's testimony. However, "discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the Court," *Brafford v. Cook,* 232 N.C. 699, 62 S.E. 2d 327, and do not justify a nonsuit, *Keaton v. Taxi Co.,* 241 N.C. 589, 86 S.E. 2d 93.

Considering plaintiff's evidence in the light most favorable to her, as we are required to do in passing on a motion for judgment of compulsory nonsuit *(Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1), we are of opinion, and so hold, that though there are discrepancies in her own testimony, her own evidence would permit a jury, or a judge sitting without a jury as here, to make the following findings of fact and to draw the following legitimate inferences therefrom: Plaintiff beneficiary's ignorance of the existence of the certificate of insurance sued upon, which was in full force and effect at the time of the assured's death, until its discovery by her on 30 September 1963 in an old dresser drawer in the basement of her house was unmixed with any negligence on her part, that her delay in giving notice and furnishing proof of the death of her assured until after her discovery on 30 September 1963 of the certificate of insurance is excusable, that her giving notice and furnishing proof of the death of the assured to the insurance company within a period of a day or two after the discovery of this certificate of insurance is a sufficient compliance with the provisions of the certificate of insurance, and that plaintiff beneficiary is entitled to recover the amount of the insurance specified in the certificate of insurance. Other parts of her own evidence would also permit, but not compel as a matter of law, a finding of the following facts and the drawing

of the following legitimate inferences therefrom by a jury, or a judge sitting without a jury as here: She knew her husband had insurance, and she believed he said it was "straight life," and she had information of certain extraneous facts which of themselves did not amount to, or tend to show, actual knowledge of the existence of the certificate of insurance here, but which were sufficient to put a reasonably prudent man upon inquiry, and the circumstances were such that an inquiry of Logan Heating Company, if made and followed up with reasonable care and diligence, would have led to the discovery and knowledge by her of the existence of the certificate of insurance here, in time to have submitted notice and proof of death of the assured within 90 days thereafter to defendant, that her failure to do so was due to negligence, is inexcusable, and that she is not entitled to recover in this action. To sustain the judgment of compulsory nonsuit, as defendant contends, would necessitate a consideration by us of plaintiff's evidence not in the light most favorable to her. The judgment of compulsory nonsuit is reversed in order that the issues of fact presented by plaintiff's evidence shall be heard and determined by the judge sitting without a jury, because neither party demanded a jury trial as specified in the statute providing a procedure for adjudicating small claims in the superior court for Forsyth County.

Reversed.