ALVIS FARMER v. EDGAR L. ALSTON.

(Filed 14 December, 1960.)

Automobiles §§ 41h, 42g— Evidence held for jury on issue of negligence in turning left across two lanes of traffic without seeing car approaching in second lane.

Plaintiff was traveling west in the northern lane for westbound traffic and defendant was traveling east in the northern lane for eastbound traffic on a four lane street, approaching an intersection. The evidence tended to show that when the light turned green for traffic on the four lane street, defendant gave a signal for a left turn, that the car in

the southern westbound lane stopped to permit the turn, that this car partially obstructed the vision of both plaintiff and defendant, that plaintiff approached and continued straight into the intersection with the green light and was in the intersection before he saw defendant's car, and struck defendant's car before it had cleared his lane of traffic, and that defendant did not see plaintiff's car until the moment of impact, *Held*: The evidence raises the issues of negligence and contributory negligence for the determination of the jury.

APPEAL by defendant from *Gambill, J.*, April 1960 Civil Term, of ROCKINGHAM.

This is a civil action for recovery of damages for injury to the person and property of plaintiff in a collision of automobiles. The action was instituted 3 August 1959.

The collision occurred at the intersection of West Market and Mendenhall Streets in the City of Greensboro on 30 May 1958 about 9:30 p.m. West Market is a four-lane street, with two lanes for eastbound traffic and two for westbound. Plaintiff was driving his car westwardly in the outside lane for westbound traffic. He was in a 35 mile per hour speed zone and was travelling 30 to 35 miles per hour. When he was about 75 yards from the Mendenhall intersection the traffic light changed to green. He proceeded at about the same speed, entered the intersection, and struck defendant's car which had made a left turn at the intersection and was proceeding northwardly across plaintiff's lane of travel. In the inside westbound lane there was a car which moved some distance into the intersection when the light changed. It stopped and permitted defendant to make his left turn. This car obscured somewhat the view of both plaintiff and defendant with respect to the movement of the other. Defendant had proceeded along West Market eastwardly, in the inside lane for eastbound traffic, to the intersection. He gave a hand signal for a left turn and, when the light changed to green, made his turn in front of the car in the inside westbound lane and was struck by plaintiff before he cleared plaintiff's lane of travel. In approaching the intersection, plaintiff was going upgrade. He did not see defendant's hand signal and did not see defendant's car until it was about two car lengths distance from him. Plaintiff was entering the intersection when he first saw defendant's car. Defendant did not see plaintiff's car until the moment of collision.

Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of plaintiff. From judgment in accordance with the verdict defendant appealed and assigned errors.

STATE *v.* FREEMAN.

*Brown, Scurry, McMichael & Griffin and T. M. Rankin for plaintiff.*
*Sapp and Sapp for defendant.*

PER CURIAM. The evidence when considered in the light most favorable to plaintiff makes out a *prima facie* case of actionable negligence on the part of defendant. It does not show contributory negligence on the part of plaintiff as a matter of law. The issues of negligence and contributory negligence were for the jury. The exceptions to admission of evidence and the charge of the court do not disclose error sufficiently prejudicial to warrant a new trial.

No error.