MRS. PEARL WIGGINS v. TULLY GRAHAM PONDER,
ORIGINAL DEFENDANT, AND GEORGE B. WIGGINS, ADDITIONAL DEFENDANT.

(Filed 17 April 1963.)

1. **Trial § 22—**

Discrepancies and contradictions, even in plaintiff's evidence, are for the jury to resolve, and do not justify nonsuit.

2. **Automobiles § 8—**

Before making a left turn at an intersection, a motorist must first ascertain that he can make such movement in safety and must give a plainly visible signal of his intention to turn, G.S. 20-154(a), G.S. 20-155(b), and the failure to observe either of these two statutory requirements makes out a *prima facie* case of actionable negligence.

3. **Same; Automobiles § 17—**

Where two motorists approach an intersection from opposite directions, and one of them attempts to turn left at the intersection G.S. 20-155(b) governs the right to make the left turn, and G.S. 20-155(a) has no application.

4. **Automobiles §§ 41h, 43— Evidence held for jury on issue of negligence in making left turn at intersection.**

Plaintiff was injured when the automobile in which he was riding as a guest collided with defendant's car at an intersection. The driver of the car in which plaintiff was riding was joined as an additional defendant. Plaintiff's evidence was to the effect that the collision occurred when defendant turned left at the intersection into the path of the car in which plaintiff was riding, and that defendant made the turn without first ascertaining that the movement could be made in safety and without giving the statutory signal. *Held:* The evidence raises a *prima facie* case of negligence against the original defendant and does not show that the negligence, if any, of the driver of the car in which plaintiff was riding, was the sole proximate cause of the collision so as to insulate the negligence of the original defendant.

APPEAL by plaintiff from *Martin, S.J.,* October 1, 1962, Regular Civil "A" Term of MECKLENBURG.

Civil action by plaintiff to recover damages for personal injuries suffered by her when the automobile, owned and operated by her hus-

band and in which she was riding as a passenger, collided with an automobile driven by defendant.

The accident occured at 9:00 P.M. on 17 May 1961 at the intersection of Highway 29 and Cox Road about 1 mile east of Gastonia. Highway 29 runs generally east and west, and has four lanes, two for eastbound and two for westbound traffic. Cox Road runs generally north and south, and has two traffic lanes. Traffic at the intersection is controlled by an automatic light which changes color at intervals from green to yellow to red.

The complaint alleges in substance: The Wiggins car, in which plaintiff was riding, was proceeding eastwardly on Highway 29 and approaching the intersection. Defendant was proceeding westwardly on Highway 29 and was approaching the intersection. The Wiggins car was in the southernmost lane, and defendant's car was in the inside lane for westbound traffic. The two cars entered the intersection as the traffic light was changing from green to yellow. Defendant turned quickly and without warning into the path of the Wiggins car and the vehicles collided. Plaintiff was injured. Defendant was negligent in that he failed to keep a reasonable lookout, turned left without ascertaining that the movement could be made in safety, and turned without giving warning, failed to yield the right of way to the Wiggins car, and violated the reckless driving statute, G.S. 20-140. Such negligence was the proximate cause of plaintiff's injury.

Answering, defendant denies the material allegations of the complaint and sets up a cross-action against George B. Wiggins for contribution. An order was entered making George B. Wiggins an additional defendant.

The answer of the additional defendant denies the material allegations of the cross-action, avers that the collision resulted solely from the negligence of the original defendant, and counterclaims for personal injury and property damage suffered by the additional defendant.

At the close of plaintiff's evidence the court granted the original defendant's motion for nonsuit and entered judgment dismissing the action.

Plaintiff appeals.

*Plumides & Plumides and Warren D. Blair for plaintiff.*

*Kennedy, Covington, Lobdell & Hickman, and R. C. Carmichael, Jr., for original defendant.*

MOORE, J. Plaintiff excepts to the allowance of the original defendant's motion for nonsuit of her action. This presents the question

whether the admissions in the pleadings and plaintiff's evidence, taken in the light most favorable to her, permit the inference that the original defendant was negligent and that such negligence was a proximate cause of the accident. The original defendant did not plead contributory negligence on the part of plaintiff; she was a guest passenger; her conduct is not called into question.

Original defendant admits in his answer the allegations of paragraph 4 of the complaint, that immediately before the accident he was operating an automobile owned by him "and was travelling in a generally westerly direction on said Highway #29 at a point immediately east of where the same intersects with Cox Road."

Plaintiff's evidence is in substance as follows:

Plaintiff, Pearl Wiggins, was riding as a passenger in the automobile of her husband, George B. Wiggins; he was driving. They were travelling eastwardly on Highway 29 and approaching the Cox Road intersection. They were travelling in the outside lane for eastbound traffic. The lights on the car were burning. The posted speed limit was 45 miles per hour, and as the Wiggins car approached the intersection its speed was 40 miles per hour, and the traffic light at the intersection was green. The caution light came on just as the Wiggins car entered the intersection, and the car continued forward. At this time there were no vehicles in front of it in the two eastbound lanes. Defendant Ponder's car "made a left-hand turn into" the path of the Wiggins car. Mr. Wiggins testified: "The first time I saw it (Ponder's car), he left his lane of travel and entered into my lane of travel." Plaintiff saw no lights on Ponder's car, and saw no turn signal given. There was no other traffic at the intersection, nothing to obstruct Ponder's view. Wiggins did not have time to apply brakes. The Wiggins car struck the Ponder car as it was moving at an angle across the Wiggins lane of travel. The collision occurred in the Wiggins lane of travel and about the middle of Cox Road. Plaintiff was injured.

There are many inconsistences, discrepancies and contradictions in plaintiff's evidence (not set out herein), but they are for the jury and not the court, and do not justify nonsuit. *Benton v. Montague,* 253 N.C. 695, 117 S.E. 2d 771.

Any person who undertakes to drive a motor vehicle upon a highway must exercise reasonable care to ascertain that such movement can be made in safety before he turns to the right or left from a direct line, and to signal his intention to turn in the prescribed manner whenever the operation of any other vehicle may be affected by such movement. G.S. 20-154(a); *Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538. It is incumbent upon a motorist, before making a left turn at an

intersection, to give a plainly visible signal of his intention to turn and to ascertain that the movement can be made in safety. G.S. 20-155(b). This, without regard to which vehicle enters the intersection first. Where motorists are proceeding in opposite directions and meeting at an intersection controlled by automatic traffic lights, G.S.20-155(a) has no application. *Shoe v. Hood,* 251 N.C. 719, 726, 112 S.E. 2d 543. Where it may be inferred from plaintiff's evidence that defendant has failed to observe either of these statutory requirements and injury has been suffered by plaintiff because of such failure, plaintiff has made out a *prima facie* case of actionable negligence. *Farmer v. Alston,* 253 N.C. 575, 117 S.E. 2d 414; *Hudson v. Transit Co.,* 250 N.C. 435, 108 S.E. 2d 900.

In the instant case it does not appear, as a matter of law, that the conduct of the additional defendant, if it amounts to actionable negligence, was the sole proximate cause of the collision and insulated the negligence of the original defendant. *Rattley v. Powell,* 223 N.C. 134, 136, 25 S.E. 2d 448.

It appears *prima facie* from plaintiff's evidence that the original defendant turned left at the intersection into the path of the car in which plaintiff was riding, without having ascertained that the movement could be made in safety, and that plaintiff was injured by this conduct on the part of the original defendant. The trial court erred in entering the judgment of nonsuit.

Reversed.