BEULAH RUSSELL v. JONAH HAMLETT.
AND
MOSES E. RUSSELL, JR. v. JONAH HAMLETT.

(Filed 17 April 1963.)

1. **Automobiles § 6—**

It is negligence *per se* to operate a motor vehicle on a public highway while under the influence of intoxicating liquor.

2. **Same; Automobiles § 64—**

It is reckless driving constituting negligence *per se* for the operator of a motor vehicle to drive abreast of a preceding car and fall back twice, running abreast of the preceding car on one of the occasions for a distance of some fourth of a mile, and then to pass the preceding car at a good speed, all for the purpose of "teasing" the driver of the preceding car. G.S. 20-140.

3. **Automobiles §§ 41a, 42d— Hazard importing danger to following motorist held foreseeable from defendant's careless and reckless driving.**

Evidence that defendant was intoxicated and driving in a reckless manner when he passed plaintiff's car, that the lights of his car were hidden from plaintiff's view when defendant drove over the crest of a hill, that defendant collided with a third car proceeding in the same direction, that the collision extinguished the lights on the cars, so that when plaintiff drove over the crest and was blinded by the lights of a car approaching from the opposite direction, plaintiff did not see defendant's wrecked car in his lane of travel until too late to avoid collision, *is held* to take the issue of defendant's negligence to the jury, since the creation of a hazard importing danger to a motorist following him was foreseeable from defendant's acts of negligence *per se,* and the evidence does

not disclose contributory negligence as a matter of law on the part of plaintiff.

**4. Trial § 22—**

Discrepancies and contradictions, even in plaintiff's evidence, are for the jury to resolve and do not justify nonsuit.

APPEAL by plaintiffs from *Bundy, J.,* 1 October 1962 Civil Term of PERSON.

Two civil actions consolidated by consent for trial. Plaintiffs seek to recover for personal injuries to *feme* plaintiff and for damage to male plaintiff's automobile sustained by reason of the alleged actionable negligence of defendant in the operation of his automobile. Defendant in his separate answers denies negligence, conditionally pleads contributory negligence as a bar to recovery in both cases, and seeks in a counterclaim in *feme* plaintiff's case to recover for damage to his automobile by reason of the alleged actionable negligence of the *feme* plaintiff in the operation of her husband's automobile. Each plaintiff filed a reply. *Feme* plaintiff in her reply conditionally pleads contributory negligence as a bar to defendant's counterclaim in her case.

Plaintiffs and defendant introduced evidence.

Plaintiffs appeal from separate judgments of involuntary nonsuit entered at the close of all the evidence.

*Charles B. Wood for plaintiff appellants.*

*Haywood and Denny by Egbert L. Haywood and George W. Miller, Jr., for defendant appellee.*

PARKER, J.   Plaintiffs' evidence considered in the light most favorable to them, and defendant's testimony favorable to them (*Smith v. Rawlins,* 253 N.C. 67, 116 S.E. 2d 184; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307), tends to show the following facts:

After supper on 1 December 1961 Mrs. Beulah Russell, with Hugh Williams as a passenger, drove her husband's Ford automobile from Roxboro to Semora. There she saw defendant Jonah Hamlett, Henry, his brother, and Melvin, his nephew. Defendant had a drink at Semora. Mrs. Beulah Russell carried defendant, his brother, his nephew, and Hugh Williams in the automobile to defendant's home located at Four Points, about nine miles from Semora. When they arrived there, all went into defendant's home, except Mrs. Beulah Russell who remained outside in the automobile. In the house defendant made some eggnog, and he and some of the others drank some of it. Defendant was also drinking in the house Four Roses whiskey. Mrs. Beulah

Russell remained outside in the automobile 25 minutes or longer, and then went into the house. They were at defendant's home about an hour. In the home defendant became "pretty highly intoxicated."

Mrs. Beulah Russell drove the automobile, with Melvin Hamlett and Hugh Williams as passengers, away from defendant's home, on the Leesburg Road, headed east towards Roxboro. She was driving 40 miles an hour on her side of the road, and was following an automobile 300 to 400 feet ahead of her.

Melvin Hamlett testified in part for plaintiffs: "After we started down the road, his [defendant's] car pulled behind us, started around, teased along in the road, dropped back, started up again, teased along and the third time come around with pretty good speed. He ran maybe a fourth of a mile abreast of Beulah's car. Beulah was in the right lane and Jonah was in the left. He finally went past and went ahead. At the time he passed he had head and tail lights on. I observed no traffic coming in a westerly direction from Roxboro toward us. I don't know exactly how long it was after he passed before these cars were in collision. I don't have any idea of what distance we might have gone before it happened. After he passed he pulled in between the car I was riding on and the car ahead, they were going around a little curve and a dip in the bottom, as they went over the hill we didn't see any more tail lights until we got too close on the car and couldn't avoid hitting it. There weren't any lights at the scene of the collision. Yes, we were meeting a vehicle at that time, coming up toward Roxboro. His lights were on bright."

When *feme* plaintiff first saw the wreck on the road, it was about 100 feet or more ahead of her. She applied her brakes but she was unable to stop before crashing into the rear of defendant's automobile in the road. In the collision plaintiff was injured and her husband's automobile was demolished.

The wreck occurred about 10:45 p.m. A State patrolman arrived at the scene about 11:00 p.m. He saw defendant there. In his opinion, defendant was under the influence of intoxicating liquor. The automobiles of plaintiffs and defendant "were locked together."

Defendant testifying in his own behalf said on cross-examination: "Yes, I was drinking at the time; yes, I was intoxicated. Yes, I was charged with driving under the influence at the time of this wreck and I entered a plea of guilty."

Plaintiffs' evidence considered in the light most favorable to them, and defendant's testimony favorable to them, would permit, but not compel, a jury to find the following facts and draw these reasonable inferences therefrom: Defendant at night was driving his automobile

on a public highway while under the influence of intoxicating liquor, which was negligence *per se* (*Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1), and at the same time and place was operating his automobile in a reckless manner in violation of G.S. 20-140, which was negligence *per se* (*Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115); that he, driving his automobile in such condition and in such a manner, drove to the left of the automobile driven by the *feme* plaintiff, who was traveling on the highway in the same direction he was, drove beside her about a quarter of a mile, then passed her going around a little curve where there was a dip in the road, went over a hill, and ran into the rear end of an automobile traveling on the highway in front of him, thereby wrecking his automobile, causing the lights on it to go out and blocking the highway, and that when the *feme* plaintiff, meeting an approaching automobile with its lights on bright, saw his wrecked automobile on the highway in front of her, she applied her brakes, but in the exercise of ordinary care could not stop before crashing into the rear end of defendant's automobile; that the negligence *per se* of defendant in the operation of his automobile was the antecedent, efficient and dominant cause which put the other causes in operation thereby proximately resulting in *feme* plaintiff's personal injuries and destruction of male plaintiff's automobile; and that defendant in the exercise of the reasonable care of an ordinarily prudent person should have foreseen that some injury would result from his negligence in driving an automobile at night on a public highway while under the influence of intoxicating liquor and in driving it at the same time and place in a reckless manner, or that consequences of a generally injurious nature should have been expected. "Once the negligence of the defendant as to the plaintiff is established, the question of proximate cause rarely presents serious difficulties if the sequence of events is followed from the ultimate result back to that negligent act." *Anderson v. C. E. Hall & Sons,* 131 Conn. 232, 38 A. 2d 787.

"Discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the court," *Brafford v. Cook,* 232 N.C. 699, 62 S.E. 2d 327, and do not justify a nonsuit. *Keaton v. taxi Co.,* 241 N.C. 589, 86 S.E. 2d 93.

Defendant's contention that there is a fatal variance between plaintiffs' *allegata et probata* is untenable.

A careful reading of the evidence leads us to the conclusion that plaintiffs have not proved themselves out of court so as to be nonsuited on the ground of contributory negligence. *Lincoln v. R.R.,* 207 N.C. 787, 178 S.E. 601.

Plaintiffs have made a sufficient showing to carry their cases to the jury. The judgments of involuntary nonsuit below are

Reversed.