BEULAH RUSSELL v. JONAH HAMLETT.
AND
MOSES E. RUSSELL, JR. v. JONAH HAMLETT.

(Filed 8 April, 1964.)

**1. Automobiles § 44—**

Evidence tending to show that the *feme* plaintiff had drunk some egg nog, and collided with a wreck on the highway which she saw or could have seen for a distance of some 500 feet, while insufficient to constitute contributory negligence as a matter of law, *is held* sufficient to be submitted to the jury on that issue.

**2. Automobiles § 55.1—**

Where plaintiff's family purpose automobile is being driven by his wife, the wife's contributory negligence will bar plaintiff's action against the driver of the other car involved in the collision to recover for damages to his automobile.

**3. Judgments § 6—**

The judgment must be supported by and conform to the verdict in all substantial particulars, and where it fails to do so the interested party may move to correct the judgment by inserting therein the verdict actually rendered in the case so as to make the judgment speak the truth.

APPEAL by plaintiffs from *Copeland, S.J.,* 30 September 1963 Civil Session of PERSON.

RUSSELL *v.* HAMLETT.

Two civil actions consolidated by consent for trial.

The *feme* plaintiff, who was driving the automobile of her husband, the male plaintiff, seeks to recover damages for personal injuries allegedly sustained by reason of the alleged actionable negligence of defendant in operating his automobile in a reckless and careless manner and while under the influence of intoxicating liquor. The male plaintiff seeks to recover damages for the destruction of his automobile allegedly caused by the actionable negligence of defendant in the operation of his automobile.

Defendant in his separate answer in each case denies negligence on his part, conditionally pleads contributory negligence of the *feme* plaintiff in the operation of her husband's automobile, by driving it in a careless and reckless manner, at a high and dangerous rate of speed, in following too closely defendant's automobile, and in failing to keep a proper lookout, as a bar to recovery in both cases, and seeks in a counterclaim in *feme* plaintiff's case to recover for damage to his automobile and for loss of its use allegedly caused by the actionable negligence of the *feme* plaintiff in the operation of her husband's automobile. Each plaintiff filed a reply. *Feme* plaintiff in her reply conditionally pleads contributory negligence of defendant as a bar to defendant's counterclaim in her action.

Plaintiffs and defendant offered evidence. The parties stipulated that the automobile driven by the *feme* plaintiff was a family purpose automobile, and that she at the time of the collision was a member of her husband's family and his agent.

The jury found by its verdict in *feme* plaintiff's case that she was injured by defendant's negligence as alleged in the complaint, and that she by her own negligence contributed to her injuries. In the male plaintiff's case the jury found by its verdict that plaintiff's automobile was damaged by defendant's negligence as alleged in the complaint, and that *feme* plaintiff by her own negligence contributed to the damage of male plaintiff's automobile.

From a separate judgment in each case that each plaintiff recover nothing from defendant, each plaintiff appeals.

*Charles B. Wood for plaintiff appellants.*

*Haywood and Denny by George W. Miller, Jr. and Egbert L. Haywood for defendant appellee.*

PER CURIAM. This is the second appeal in these two cases consolidated for trial. On the first appeal each plaintiff appealed from a separate judgment of compulsory nonsuit. We reversed the judgments be-

low and remanded the consolidated cases for a jury trial. 259 N.C. 273, 130 S.E. 2d 395.

On the former appeal a summary of the evidence considered in the light most favorable to plaintiffs is set forth. The evidence in the instant case is substantially similar to the evidence introduced in the first trial, and it would be supererogatory to set it out here. On the first appeal we were solely concerned with a judgment of compulsory nonsuit, and it was not necessary to set forth a summary of plaintiffs' and defendant's evidence tending to show negligence on *feme* plaintiff's part in the operation of her husband's automobile. This evidence tends to show the following, *inter alia:* Before the collision *feme* plaintiff drank some egg nog which had "a whole lot" of Four Roses whisky poured in it; that Melvin Hamlett, a witness for plaintiff, testified, "I reckon you might say Beulah's car was about 500 feet from the wreckage when we first saw it"; that *feme* plaintiff was driving east and there was visibility about a quarter to a half mile ahead of her on the highway to the wrecked automobiles in front of her.

The evidence is sufficient to support the verdict in each case. A careful examination of the assignments of error discloses no new question requiring extended discussion, and no prejudicial error has been made to appear. *Feme* plaintiff was driving her husband's family purpose automobile and was his agent at the time of the wreck, and, consequently, her contributory negligence as found by the jury in the male plaintiff's case bars any recovery by him. *Jones v. Mathis,* 254 N.C. 421, 119 S.E. 2d 200; 38 Am. Jur., Negligence, sec. 236. The jury under a charge without prejudicial error resolved the issues of fact against each plaintiff.

The verdict and judgment in *feme* plaintiff's case will be upheld.

In the male plaintiff's case the judgment by inadvertence sets forth the first three issues of the verdict in *feme* plaintiff's case, and not the verdict in his case, and then decrees that he shall recover nothing from defendant. It is thoroughly settled in law that in all cases tried by a jury the judgment must be supported by and conform to the verdict in all substantial particulars. *Hutchins v. Davis,* 230 N.C. 67, 52 S.E. 2d 210. The verdict in male plaintiff's case will be upheld, and defendent, at the next ensuing session of Person Superior Court after this opinion is certified down, is authorized to make a motion to correct the judgment in his case by inserting therein the verdict rendered in his case, so as to make the judgment speak the truth. *Trust Co. v. Toms,* 244 N.C. 645, 94 S.E. 2d 806; *S. v. Cannon,* 244 N.C. 399, 94 S.E. 2d 339; Strong's N. C. Index, Vol. 3, Judgments, sec. 6.

The result is this:

On *feme* plaintiff's appeal
No error.
On male plaintiff's appeal no error in the trial, but
Remanded for proper judgment.